

Simon Malinowski, *Attorney*
212-945-8013, *Direct Dial*
simon@harrisbricken.com

November 28, 2022

<u>Via ECF</u>:

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

  *Re: Farhad Azima, et al. v. Dechert LLP, et al.,* Civil Case No. 22-cv-8728 (PGG)

Dear Judge Gardephe,

  On behalf of named Defendants INSIGHT ANALYSIS AND RESEARCH, LLC (hereinafter "INSIGHT"), and SDC-GADOT, LLC (hereinafter "SDC-GADOT"), a request is hereby made for a pre-motion conference and for leave to allow INSIGHT and SDC-GADOT to file a Motion for Relief under Federal Rules of Civil Procedure 12(b)(3), (6), and (7), 12(e), and 12(f).

  The Plaintiffs' Complaint's first sixty-nine (69) pages incorporate two hundred and three (203) paragraphs of general allegations, spanning alleged conduct involving more than a dozen parties and non-parties, and spanning the course of the globe. These allegations are **all** then incorporated by direct reference into the two (2) Counts asserted by the Plaintiffs. Count I asserts a claim for relief (all Plaintiffs jointly) under 18 U.S.C. § 1962(c) ("It shall be unlawful for any <u>person</u> employed by or associated with any <u>enterprise</u> engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such <u>enterprise</u>'s affairs through a pattern of <u>racketeering activity</u> or collection of <u>unlawful debt.</u>"). See 18 U.S.C. § 1962 (1988). Count II asserts a claim for relief under 18 U.S.C. § 1962(d) ("It shall be unlawful for any <u>person</u> to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."). Notably, 18 U.S.C. § 1961 contains a statutory definition of "racketeering activity", which underpin claims under 18 U.S.C. 1962(c) and (d) as the predicate acts of "racketeering activity" required for a private cause of action asserted per 18 U.S.C. 1964(c).

25 W. 39th Street
7th Floor
New York, NY 10018
212-945-8013
firm@harrisbricken.com
harrisbricken.com

LOS ANGELES | NEW YORK | PHOENIX | PORTLAND | SALT LAKE CITY | SEATTLE
BARCELONA | BEIJING | MADRID | MEXICO CITY | PALMA DE MALLORCA

In *R.J.R. Nabisco v. European Cmty.*, 579 U.S. 325 (2016), the Supreme Court had occasion to rule on the issue of extraterritorial application of 18 U.S.C. § 1961 *et seq.*, and specifically which "racketeering activities" as defined in 18 U.S.C. § 1961(1) committed outside of the territorial jurisdiction of the United States of America could substantiate an actionable claim under 18 U.S.C. § 1962. In its holding, the Court stated: "It is a basic premise of our legal system that, in general, "United States law governs domestically but does not rule the world." Microsoft Corp. v. AT&T Corp., 550 U.S. 437, 454, 127 S. Ct. 1746, 167 L. Ed. 2d 737 (2007). This principle finds expression in a canon of statutory construction known as the presumption against extraterritoriality: Absent clearly expressed congressional intent to the contrary, federal laws will be construed to have only domestic application." *See Id.* at 491-92. The Court then explained the scope of application of 18 U.S.C. § 1962(b) and (c) to extraterritorial acts as follows: "We therefore conclude that RICO applies to some foreign racketeering activity. A violation of §1962 may be based on a pattern of racketeering that includes predicate offenses committed abroad, *provided that each of those offenses violates a predicate statute that is itself extraterritorial*. This fact is determinative as to §1962(b) and §1962(c), both of which prohibit the employment of a pattern of racketeering. Although they differ as to the end for which the pattern is employed—to acquire or maintain control of an enterprise under subsection (b), or to conduct an enterprise's affairs under subsection (c)—this difference is immaterial for extraterritoriality purposes." *Id.* at 495 (emphasis added). Also, though a claim for conspiracy in violation of 18 U.S.C. 1962(d) was not at issue and before the Court in *R.J.R. Nabisco v. European Cmty.*, the Court stated the following as to the rationale and analysis that would be applicable to such a claim: "Finally, although respondents' complaint alleges a violation of RICO's conspiracy provision, §1962(d), the parties' briefs do not address whether this provision should be treated differently from the provision (§1962(a), (b), or (c)) that a defendant allegedly conspired to violate. We therefore decline to reach this issue, and assume without deciding that §1962(d)'s extraterritoriality tracks that of the provision underlying the alleged conspiracy." *Id.* at 495-96.

In their instant Complaint the Plaintiffs have jointly alleged a significant amount of foreign conduct without actually tying the allegations to specific racketeering activities as defined in 18.U.S.C. 1961(1) which have extraterritorial application. One of the most clear-cut examples of allegation directed to a statute which does not have extraterritorial application consists of the Plaintiff's assertions that the Defendants provided (or conspired to provide) false testimony before the High Court in the United Kingdom, which the Plaintiffs allege amounts to "obstruction of justice". Per 18 U.S.C. 1601(1), it is 18 U.S.C. 1503 which would qualify as a racketeering activity pertaining to "obstruction of justice". However, by its terms 18 U.S.C. 1503 applies to United States judicial proceedings, not foreign proceedings before Courts in other sovereign jurisdictions. So the inclusion of allegations relating to alleged false testimony before a Court in the United Kingdom cannot, as a matter of law, constitute a predicate racketeering activity as it does not fall within the definition of such activity per 18 U.S.C. 1961(1) and 18 U.S.C. 1503. Despite this, it appears that the Plaintiffs rely upon these allegations to substantiate their claims in Counts I and II. As a matter of law, any allegation of extraterritorial "racketeering activities" which, by their statutory definitions do not apply beyond the territorial jurisdiction of the United States of America, cannot support the claims asserted in Counts I and II, and as such relief is warranted

25 W. 39th Street
7th Floor
New York, NY 10018
212-945-8013

firm@harrisbricken.com
harrisbricken.com

LOS ANGELES | **NEW YORK** | PHOENIX | PORTLAND | SALT LAKE CITY | SEATTLE
BARCELONA | BEIJING | MADRID | MEXICO CITY | PALMA DE MALLORCA

under Rule 12(b)(6) and 12(f). Moreover, as pled these Defendants require a more definite statement as to Counts I and II to address whether or not the extraterritorial allegations of "mail and wire fraud, obstruction of justice, witness tampering, bank fraud, and money laundering" relate to actual "racketeering activities" which, by statute, apply extraterritorially. To the extent the Plaintiffs are unable to do so, relief should be granted under Rule 12(f) striking these allegations as they cannot support a legally cognizable claim for relief as a matter of law.

For purposes of further example, the Plaintiffs' allegations of "money laundering" and "hacking" also directly appear to lack any attenuation or connection to an extraterritorial "racketeering activity". Nowhere in the Complaint have the Plaintiffs actually alleged the elements of "money laundering" as a racketeering activity (as defined in 18 U.S.C. 1961(1) and 18 U.S.C. 1956, in that there is no allegation that any of the Defendants were involved in the transfer of "proceeds" of "specified unlawful activity" as defined in 18 U.S.C. 1956(c)(7) - likely as the Plaintiffs know that no such activities ever occurred). It would appear the Plaintiffs' allegations in this regard fall back on "wire fraud", however as an established point of law 18 U.S.C. 1343 does not apply extraterritorially. See *United States v. Hawit*, 2017 U.S. Dist. LEXIS 23391 (E.D. NY 2017) ("As the parties recognize, the federal wire fraud statute, 18 U.S.C. § 1343, does not apply extraterritorially. (*See* Dkt. 491-1 at 11 (citing *RJR Nabisco*, 764 F.3d at 140-41); Dkt. 516 at 26-31.)"). As to "hacking", it does not appear that Plaintiffs have attempted to tie the "hacking" allegation to any statutorily defined "racketeering activity" as set forth in 18 U.S.C. 1961(1) at all.

In addition to the foregoing, the Plaintiffs seek to allege (at least as to these Defendants) that "wire fraud" or "mail fraud" was perpetrated based upon documents filed in actions pending before other Federal District Courts, including the Southern District of Florida in a case brought by Farhad Azima (without joinder of any of the other named Plaintiffs) under 18 U.S.C. 1782. Without regard to the fact that any alleged improprieties before the Southern District of Florida Courts fall within the jurisdiction of those Courts to rule upon as the presiding jurist deems appropriate, it is a black letter issue of law that the alleged filing or service of "false" documents in litigation cannot substantiate a RICO claim as such conduct does not fall within any "racketeering activity" as defined by 18 U.S.C. 1961(1).  See *Deboskey v. Suntrust Mortg., Inc.*, 2017 U.S. Dist. LEXIS 160017, *24-25 (M.D. Fla. 2017) (""To commit mail fraud, a person must (1) intentionally participate in a scheme to defraud and (2) use the mails in furtherance of the scheme."**6** U.S. v. Pendergraft, 297 F.3d 1198, 1208 (11th Cir. 2002). In Pendergraft, the Eleventh Circuit held that the defendants' "mailing of litigation documents, even perjurious ones, did not violate the mail-fraud statute." Id. The Eleventh Circuit explained [s]erving a motion by mail is an ordinary litigation practice. A number of courts have considered whether serving litigation documents by mail can constitute mail fraud, and all have rejected that possibility. ordinary litigation practice. *See Daddona v. Gaudio*, 156 F. Supp. 2d 153, 162-64 (D. Conn. 2000); *Auburn Med. Ctr., Inc. v. Andrus*, 9 F. Supp. 2d 1291, 1300 (M.D. Ala. 1998); *von Bulow v. von Bulow*, 657 F. Supp. 1134, 1142-46 (S.D.N.Y. 1987); *Paul S. Mullin & Assocs., Inc. v. Bassett*, 632 F. Supp. 532, 540 (D. Del. 1986); *Am. Nursing Care of Toledo, Inc. v. Leisure*, 609 F. Supp. 419, 430 (N.D. Ohio 1984). As in the Hobbs Act context, these courts have rejected this mail-fraud theory on policy grounds, recognizing that such charges are merely "artfully pleaded

25 W. 39th Street
7th Floor
New York, NY 10018
212-945-8013

firm@harrisbricken.com
harrisbricken.com

LOS ANGELES | **NEW YORK** | PHOENIX | PORTLAND | SALT LAKE CITY | SEATTLE
BARCELONA | BEIJING | MADRID | MEXICO CITY | PALMA DE MALLORCA

claims for malicious prosecution." *Auburn Med. Ctr., Inc.*, 9 F. Supp. 2d at 1297. Again, prosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system. Moreover, allowing such charges would arguably turn many state law actions for malicious prosecution into federal RICO actions. Id. See also Raney v. Allstate Ins. Co., 370 F.3d 1086, 1087 (11th Cir. 2004) (discussing Pendergraft and explaining that it was "troubled by *any* use of this federal criminal statute to punish civil litigants") (emphasis in original); Nero v. Mayan Mainstreet Inv 1, LLC, et al., 645 F. App'x 864, 868 (11th Cir. 2016) (affirming the district court's 12(b)(6) dismissal of the *pro se* plaintiff's RICO claim, which alleged mail and wire fraud based on forged documents in a foreclosure action, because "federal fraud charges cannot be based on the filing of court documents.") (citing Pendergraft, 297 F.3d 1209 (establishing this rule for mail fraud)).").

The foregoing demonstrates that a pre-motion conference, and leave of court to file a Motion or Relief under Rule 12(b)(6), (12)(e), and 12(f) is warranted.

Moreover, the Plaintiffs' filing of this action in the Southern District of New York flies in the face of federal principles of comity. As recognized by the Plaintiffs in their own pleading, Plaintiff Farhad Azima initially sued non-parties RAK, and RAKIA, in the Federal District Court in and for the District of Columbia, only to have that action dismissed on forum *non conveniens* grounds with direction that the action be initiated in the High Court of the United Kingdon (which was done, and which case remains pending at present with Farhad Azima asserting claims therein against multiple other party Defendants named in this action or the same conduct alleged in this action). Additionally, Plaintiff Farhad Azima has been in litigation with multiple co-Defendants (including Nicholas Del Rosso and Vital Management Services, Inc.) in the Federal District Court in and for the Middle District of North Carolina since 2020, wherein Plaintiff Azima is alleging that his damages based upon "hacking" of his computers and data falls at the feet of Mr. Del Rosso and Vital Management Services.

It is well and widely held that federal comity permits a district court to decline jurisdiction over an action where the same parties and issues have already been filed in another district. See Joppy v. United States, 2017 U.S. Dist. LEXIS 67683, 4-5 (N.D. Fla. 2017) ("It is apparent from the face of Plaintiff's complaint that, under principles of federal comity, this court should abstain from considering Plaintiff's claims. This doctrine of federal comity permits a district court to decline jurisdiction over an action when the same parties and issues have already been filed in another district. "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F. 3d 1132, 1135 (11th Cir. 2005). Under the first-filed rule, when two parallel actions are filed in separate courts, "the court initially seized of the controversy should hear the case." Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F. 3d 71, 78 (11th Cir. 2013). The rule seeks to avoid wasteful duplication of judicial resources, to avoid piecemeal decision-making, and to avoid rulings which may conflict or intrude upon the authority of sister courts. *See* Int'l Fid. Ins. Co. v. Sweet Little

25 W. 39th Street
7th Floor
New York, NY 10018
212-945-8013

firm@harrisbricken.com
harrisbricken.com

LOS ANGELES | NEW YORK | PHOENIX | PORTLAND | SALT LAKE CITY | SEATTLE
BARCELONA | BEIJING | MADRID | MEXICO CITY | PALMA DE MALLORCA

Mexico Corp., 665 F. 3d 671, 678 (5th Cir. 2011). Thus, there is a strong presumption favoring the forum of the first-filed suit. Manuel, 430 F.3d at 1135.").

      Here, the Plaintiffs have offered no explanation as to why they initiated a new action in the Southern District of New York as opposed to seeking leave to add additional party Defendants and claims to the pending proceedings in the Middle District of North Carolina.[1] As that action was filed first and contains overlapping claims and factual issues between one of the Plaintiffs in this action and two (2) of the Defendants in this action, this Court should deny jurisdiction with instruction that the Plaintiffs seek leave to amend to bring in additional claims, party Plaintiffs, and party Defendants in the 2020 pending North Carolina proceeding.

      Finally, based upon allegations made as to these two (2) Defendants, it would appear that Florida's expansive litigation privilege applies to some of the claims asserted (specifically including but not limited to the allegations of "false" filings before the Southern District of Florida Courts, as well as documents served upon Mr. Azima's counsel in connection with the still-pending S.D. Fla. 28 U.S.C. 1782 action.

      It is based upon the foregoing that Defendants INSIGHT and SDC-GADOT seek a pre-motion conference, and leave to file a Rule 12 Motion (and to include therein the aforementioned issues pertaining to comity).

      This Letter Motion is not agreed to by the Plaintiffs, but has been sent to the Plaintiffs for review on November 28, 2022 prior to it being filed with this Court. Per the prior agreement of the parties, Plaintiffs were granted an extension of time to file their response to this Letter Motion.

      Respectfully submitted,

By: /s/ Simon I. Malinowski
    Simon I. Malinowski, Esq.

cc: All counsel of record via CM/ECF

---

[1] Additionally, the other party Plaintiffs in this action, who are all represented by the same counsel who represents Mr. Azima in the Middle District of North Carolina, could have always petitioned the District Court in North Carolina for leave to file a Complaint in intervention and additional claims against the pending Defendants, as well as leave to join the other named Defendants identified in this action.

25 W. 39th Street
7th Floor
New York, NY 10018
212-945-8013
firm@harrisbricken.com
harrisbricken.com

LOS ANGELES | NEW YORK | PHOENIX | PORTLAND | SALT LAKE CITY | SEATTLE
BARCELONA | BEIJING | MADRID | MEXICO CITY | PALMA DE MALLORCA