**Miller & Chevalier**

**Kirby D. Behre**
Member
(202) 626-5960
kbehre@milchev.com

December 9, 2022

<u>Via CM/ECF</u>

Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

> Re: *Azima, et al. v. Dechert LLP, et al.*, 1:22-CV-08728-PGG;
> Response to Pre-Motion Letter of the Forlit Entity Defendants, Insight Analysis LLC and SDC-Gadot LLC

Dear Judge Gardephe:

    We submit this letter on behalf of Plaintiffs in the above-referenced action, pursuant to Your Honor's Individual Practice Rule IV.A, in response to the pre-motion letter of November 28, 2022 (ECF No. 76) submitted by Defendants Insight Analysis and Research LLC's ("Insight") and SDC-Gadot LLC's ("Gadot").[1]

    The Forlit Entity Defendants' letter falls short of Individual Rule IV.A, which requires defendants to "describ[e] the grounds for [a] proposed motion." While it is not entirely clear what motions Defendants seek leave to file and on what grounds, the letter appears to seek the Court's permission to move to dismiss the Complaint for a variety of reasons, to seek more detail about the allegations, and also to strike portions of the Complaint. These arguments are meritless. As detailed below, Plaintiff alleges that the Forlit Entity Defendants abused the U.S. financial system and the U.S. legal system to perpetuate an ongoing conspiracy against a U.S. citizen as part of a RICO enterprise partly consisting of U.S. citizens; and that Defendants each committed predicate acts of mail and wire fraud, obstruction of justice as to U.S. proceedings, witness tampering, bank fraud, and money laundering within the jurisdiction of the United States. Taken as true, these allegations clearly suffice to establish liability under the pleaded claims. Moreover, as also discussed below, Plaintiffs' claims herein do not overlap with those presented in any other pending

---

[1] Plaintiffs' Complaint alleges that Insight and Gadot are each entities affiliated with co-Defendant Amit Forlit (ECF No. 1 ¶¶ 21-22), and so we refer to these entities collectively herein as the "Forlit Entity Defendants" or at times, for ease of reference, "Defendants."

litigation. Accordingly, a motion to transfer along the lines hinted at in Defendants' letter would also fail.

**There Are No Viable Grounds for a Motion to Dismiss**

Plaintiffs read the Forlit Entity Defendants' letter to suggest three bases for a motion to dismiss: (1) that the Complaint alleges extraterritorial conduct beyond RICO's application; (2) that the Complaint fails to properly plead money laundering; and (3) that the Complaint improperly relies on litigation conduct to plead wire fraud. For the reasons stated below, none of these contentions holds water.

*Extraterritoriality* – If the Forlit Entity Defendants mean to suggest that all of their alleged predicate acts occurred outside of the United States, beyond the reach of U.S. law, they are simply mistaken. *See, e.g.*, Compl. ¶ 242, ECF No. 1 ("Forlit, Insight, and SDC-Gadot have committed wire fraud and engaged in money laundering by knowingly causing funds to be transported, transmitted, or transferred *from the United States* to hackers in Israel with the intent that such payments would fund the Enterprise's criminal activity.") (emphasis added).

Defendants contend that Plaintiffs' wire fraud allegations must be dismissed because the wire fraud statute does not apply extraterritorially. ECF No. 76 at 3. But the Forlit Entity Defendants are U.S.-based entities that operate out of the U.S. and through U.S. bank accounts. *See* ECF No. 1 ¶¶ 21-22 (listing Defendants' U.S. addresses and misconduct involving U.S. banks). As noted above, the alleged acts furthering a scheme of wire fraud – and predicating RICO liability for the Forlit Entity Defendants – include financial transactions involving U.S. financial institutions and Defendants' own U.S. bank accounts. Ex. A to Compl., ECF No. 1-1. In addition, the Complaint alleges that Defendants' owner, while in Cyprus, conferenced with conspirators in New York City to advance the scheme to defraud Plaintiffs. ECF No. 1 ¶ 104. These are acts within the clear and direct jurisdiction of the United States, and they are ample bases for wire fraud (and RICO) claims.

Defendants further argue that their alleged obstruction of justice relates to U.K. judicial proceedings and is outside the ambit of RICO. However, the Complaint alleges that Defendants' suborned perjury was contemplated for use before the U.S. District Court for the District of Columbia and was used in other U.S. fora. *Id.* ¶ 102.

*Money Laundering* – Defendants suggest that Plaintiffs did not plead the elements of money laundering because the Complaint does not implicate Defendants in the transfer of proceeds of unlawful activity. ECF No. 76 at 3. Again, Defendants mischaracterize the pleadings: The Complaint alleges that the Forlit Entity Defendants were paid at least $5 million, including roughly $250,000 per month between October 2017 and May 2020 in compensation for accomplishing criminal Enterprise objectives. ECF No. 1 ¶ 56, 235. By any reading of the money laundering statutes, these are "proceeds" of unlawful activity that are being laundered through the U.S. financial system. In addition, money laundering can also comprise the transfer of funds to promote unlawful activity, *see* 18 U.S.C. § 1956(a)(2)(A); and the Complaint clearly pleads this kind of money laundering violation as well. *Id.* ¶ 221-22.

*Litigation Filings as Wire Fraud* – Defendants argue that their electronic filings of alleged false affidavits in the Southern District of Florida cannot constitute predicate acts of wire fraud because such filings – even if perjurious – are ordinary and protected litigation activities.[2]  ECF No. 76 at 3-4.  Not so.  Litigation activity is no safe harbor for fraud, and courts in this District have sustained complaints alleging litigation filings as wire fraud predicate acts. *See, e.g.*, *Chevron v. Donziger*, 871 F. Supp. 2d 229, 250-51 (S.D.N.Y. 2012) (plaintiff sufficiently pleaded wire fraud predicate acts through the transmission over the wires of a false expert report in U.S. court filings).  Specifically, where plaintiffs allege "additional allegations of extortion or some other pattern of racketeering activity" such that the litigation activities are not the only alleged predicate acts, courts have held that "alleged mail and wire fraud violations arising out of . . . abuse of process could be RICO predicate acts." *Daddona v. Gaudio*, 156 F. Supp. 2d 153, 163 (D. Conn. 2000).  In the instant pleadings, Defendants' false statements in U.S. courts are clearly part and parcel of a much broader scheme to defraud Plaintiffs and a broader pattern of racketeering activity.  Accordingly, these allegations are rightly pleaded in support of Plaintiffs' claims.

### There Are No Viable Grounds for Motions to Strike or for a More Definite Statement

Any motion by the Forlit Entity Defendants to strike the Complaint would similarly be meritless.  As discussed above, each of the pleaded allegations relates directly to the pleaded claims.  These are allegations as to which Defendants should be made to answer, and as to which relevant facts should be discovered.

Defendants also suggest that they would seek a more definite statement from Plaintiffs about whether the "allegations of 'mail and wire fraud, obstruction of justice, witness tampering, bank fraud, and money laundering' . . . apply extraterritorially." ECF No. 76 at 1, 3.  However, as discussed above, the Complaint already alleges U.S. connections for each category of predicate acts referenced in Defendants' argument.  Motions for more definite statements are only appropriate where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Plaintiffs' Complaint contains detailed allegations – including, for example, with respect to 413 money laundering transactions and 173 instances of wire and mail fraud laid out in the Complaint appendices.  Defendants are more than able to prepare a response to the pleaded claims.

### There Are No Viable Grounds for a Motion to Transfer

Finally, Defendants suggest that the Court should decline jurisdiction over this case because three of the sixteen parties and an unspecified subset of issues have supposedly already been the subject of litigation in the Middle District of North Carolina.  This is a plainly insufficient

---

[2] Defendants also assert that Florida's litigation immunity privilege provides absolute immunity " 'to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding.'" *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (citation omitted). The privilege, however, does not protect against federal causes of action. *See Moskovits v. Mercedes-Benz USA, LLC*, No. 21-cv-20122, 2022 WL 283001, at *19 (S.D. Fla. Jan. 10, 2022) (holding that "an absolute privilege under [Florida] state law 'cannot defeat a federal cause of action'") (citation omitted).

basis for a motion to transfer. *See Parchmann v. MetLife Inc.*, No. 18-CV-780, 2018 WL 5115075, at *5 (E.D.N.Y. Sept. 28, 2018) (denying transfer of a Securities Exchange Act case in EDNY to SDNY, which was hearing a different case with the same and similarly situated plaintiffs, because "the cases involve entirely different causes of action . . . and different defendants"); *United States v. Milton*, No. 21 Cr. 478, 2021 WL 5304328, at *6 (S.D.N.Y. Nov. 15, 2021) (finding transfer from SDNY to EDNY on the grounds that there was a related case in EDNY inappropriate because, while there might be "some factual overlap . . . the cases involve different parties," among other differentiating factors). Indeed, while Defendants summarily cite "overlapping issues" in their letter (ECF No. 76 at 4), nowhere do they actually describe this purported overlap. In fact, there is no overlap between the two cases: The North Carolina case concerns the theft and dissemination of Plaintiff Azima's trade secrets by a private investigator in North Carolina; this case concerns an international scheme to defraud Mr. Azima by covering up the hacking of his data, destroying his business opportunities, and saddling Mr. Azima with the costs of litigating against a corrupt enterprise, funded illicitly, that suborned perjury and manufactured evidence against him. Defendants want the Court to inject a RICO case – and thirteen new parties – into a trade secrets that has been pending for more than two years and is in discovery. *See* Order, *Azima v. Del Rosso, et al.*, No. 20-cv-00954 (M.D.N.C. Nov. 16, 2022), ECF No. 93 (commencing discovery upon entry of order). Numerous allegations in this complaint occurred after the North Carolina complaint was filed, and none of them are the subject of the North Carolina case.

Because none of the issues pleaded before this Court are being litigated in North Carolina, there is no "principle[] of comity" (ECF No. 76 at 4) or other interest that would support a motion to transfer or any similar motion. Plaintiffs' claims should be resolved in the forum where they are presented, in the Southern District of New York, where the Forlit Entity Defendants are clearly and undisputedly subject to personal jurisdiction.

* * *

For all of these reasons, Plaintiffs would oppose the motions described in Insight's and Gadot's correspondence.

Sincerely,

/s/ *Kirby D. Behre*
Kirby D. Behre

CC: All Counsel of Record (via CM/ECF)