

January 10, 2023

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

    Re: <u>Farhad Azima et al. v. Dechert LLP, et al.</u>
       No. 22-cv-8728 (PGG)

Dear Judge Gardephe:

  We write on behalf of Defendant David Neil Gerrard, under Rule IV(A) of Your Honor's Individual Rules of Practice, to respectfully request a pre-motion conference concerning our anticipated motion to dismiss the Complaint (Dkt. No. 1) pursuant to various subsections of Federal Rule of Civil Procedure 12(b) or, in the alternative, to stay this matter until resolution of related litigation. Plaintiffs do not consent to the motion.

  At its heart, this is litigation about litigation. Plaintiffs seek to package allegations of misconduct in other ongoing civil proceedings concerning the alleged 2016 hacking and publication of their data as a RICO claim. While Plaintiffs include other salacious allegations involving international hacking and kidnapping schemes, by their own account, those allegations are not the subject of this case (despite making up most of the first 72 paragraphs of the Complaint). *See* Compl. fn. 2. This Complaint, according to Plaintiffs, focuses on the Defendants' alleged efforts to deny responsibility and avoid liability for the 2016 publication of Plaintiffs' data in litigation brought by Plaintiffs in 2016 and subsequently. *Id.*

  Plaintiffs' claim for RICO's triple damages, like the majority of RICO claims, is "well beyond the bounds of the law's reasonable construction". *See Gross v Waywell*, 628 F. Supp. 2d 475, 480-81 (S.D.N.Y. 2009) ("RICO simply was not designed by Congress to encompass many of the creative, and even 'extraordinary, if not outrageous uses' for which plaintiffs have labored the statute.") It is subject to dismissal on numerous grounds including the following: Plaintiffs have not alleged facts necessary to establish personal jurisdiction over Mr. Gerrard; Plaintiffs' claim is an improper attempt at claim splitting as Plaintiffs have two other cases, one in the Middle District of North Carolina (20-cv-954) and one in the United Kingdom litigating these same transactions. (And as to the U.K. litigation, Azima has stated to this Court it relates to the "efforts by the co-conspirators to conceal their actions[.]" *Azima v. Handjani*, No. 21-MC-501 (S.D.N.Y.) (PGG) Dkt. 13 at 5.); Plaintiffs' RICO claim is time-barred as it accrued in 2016 at the time Plaintiffs discovered the injury; Plaintiffs fail to allege a valid RICO claim as they have neither alleged an enterprise or a pattern or continuity of racketeering

ANDREW ST. LAURENT  |  ANDREW@HS-LAW.COM  |  DIRECT 646-248-6010

SC-HARRIS.COM  |  TEL 212-397-3370  |  FAX 212-202-6206  |  40 WALL STREET, 53RD FLOOR, NEW YORK, NY 10005

activity nor plead a cognizable injury or proximate cause related to the alleged cover-up as required; and, finally, Plaintiffs have not alleged proper RICO predicate acts, for among other reasons, becuase the litigation activities on which Plaintiffs rely, including submitting false statements, do not constitute RICO predict acts. *Kim v Kimm*, 884 F.3d 98, 103-105 (2d Cir. 2018).

This is the sixth letter submitted by a defendant or group of defendants detailing these and other deficiencies subjecting Plaintiffs' RICO claims to dismissal (*see* Dkt. Nos. 76, 82, 85, 87, and 96). Accordingly, many of these arguments have already been detailed at length. We join in those arguments by reference and discuss below those issues most relevant to Mr. Gerrard.

### A. The Complaint Fails to Establish Personal Jurisdiction Over Mr. Gerrard

To establish personal jurisdiction under § 1965(b), a defendant "'must be served with process within the United States.'" *Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 343 n.7 (S.D.N.Y. 2015). Mr. Gerrard was not served in the U.S. but was purportedly served at his last known address in England, *see* Dkt. No. 89[1]. And "plaintiffs asserting RICO claims against foreign defendants must rely on the long-arm statute of the state in which they filed suit." *Elsevier, Inc.*, 77 F. Supp. 3d at 343 (internal quotation marks omitted).

To establish specific personal jurisdiction under New York long-arm statute § 302(a)(1), the plaintiff must satisfy two requirements: (1) the defendant must have "transacted business within the state," and (2) "the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). The Complaint relies on conclusory statements that "Gerrard and others carried on the affairs of the Enterprise out of Dechert's New York office," (Compl. ¶ 15), and more specifically, that he met with others in New York to cause filing false statements. (*Id.* at ¶ 35).

However, the Complaint is unclear on who is alleged to have been in New York for the meeting and when those meetings took place. *See HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, No. 20-CV-967, 2021 WL 918556, at *15 (S.D.N.Y. Mar. 10, 2021) ("In relying only on group pleadings, in which it conflates multiple parties and fails to provide specific allegations, Plaintiff neglects its burden of establishing personal jurisdiction over each defendant.")

The Complaint identifies only one meeting in New York with any level of clarity: "In December 2015, Frank, Gerrard, and others, including upon information and belief Handjani, met in New York to discuss this plan." (Compl. ¶ 60). However, that meeting could not involve the subject matter of Plaintiffs' claim, the alleged cover-up, as the alleged scheme had not yet been discovered. Further, as Plaintiffs discovered the alleged injury in 2016, any such meeting would be well outside the four-year statute of limitations applicable to this claim. Thus, Plaintiffs' alleged one meeting in New York is disconnected from its actual claim. The only other factual allegation concerning Gerrard having meetings in New York is found in paragraph 55 which states: "Forlit met with Gerrard at least a dozen times between 2015 and 2020, including at Dechert's offices in New York. Gerrard, Handjani, Buchanan, Frank, Del Rosso,

---

[1] We are still determining if service was properly completed on Mr. Gerrard under applicable laws and reserve rights accordingly.

January 10, 2023
Page 3 of 5

and others also met regularly during this time period, including at Dechert's offices in New York, to plan a strategy for the attacks against Azima." Plaintiffs' use of "including" and the five year time period (with the majority of that period outside the statute of limitations) is insufficient to meet Plaintiffs' burden of establishing personal jurisdiction. *See Berdeaux v OneCoin Ltd.*, 561 F. Supp. 3d. 379, 397 (S.D.N.Y. 2021).

### B. The Complaint is an Attempt at Claim Splitting and Offends Comity

"Claim splitting . . . bars a plaintiff from splitting his claim into various suits, based on different legal theories." *Tera Grp., Inc. v. Citigroup, Inc.*, No. 17 CIV. 4302 (RJS), 2019 WL 3457242, at *9 (S.D.N.Y. July 30, 2019). Courts reviewing the issue look to "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Tera Grp., Inc.*, at *9 (*citing Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841-42 (11th Cir. 2017). Here, Plaintiffs do little to hide that this matter involves the same subject matter of both an ongoing UK litigation and the separate North Carolina action – each addressing the same alleged hacking scheme and the alleged cover-up. *See* North Carolina Complaint at 8 ("RAKIA's lawyers, including Dechert LLP, had also asserted (in formal correspondence, witness evidence and pleadings signed by those lawyers) that RAKIA had innocently discovered the materials on the internet. Those assertions were also false, given the Judge's ruling").

This Court has the authority to "dismiss or stay an action based on the pendency of a related proceeding in a foreign jurisdiction." *Tarazi v. Truehope Inc.*, 958 F. Supp. 2d 428, 432–33 (S.D.N.Y. 2013); *see 800537 Ontario, Inc. v World Imports U.S.A. Inc.*, 145 F. Supp. 2d 288, 291 (W.D.N.Y. 2001) (granting stay until Canadian matter was resolved).

When deciding whether to dismiss or stay a case in deference to a foreign proceeding, district courts should be guided by "proper respect for litigation in and the courts of a sovereign nation, fairness to litigants, and judicial efficiency." *Royal and Sun Alliance Ins. Co. of Canada v. Century Intern. Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006). The Second Circuit in *Royal and Sun Alliance* instructed courts to use a non-exhaustive list of factors when contemplating declining jurisdiction in favor of a foreign proceeding, including: (1) the similarity of the issues; (2) the order in which the actions were filed; (3) the adequacy of the alternate forum; (4) the potential prejudice to either party; (5) the convenience of the parties; (6) the connection between the litigation and the United States; and (7) the connection between the litigation and the foreign jurisdiction. 466 F.3d at 94.

Here, Plaintiffs' Complaint focuses on alleged conduct in connection with discovery and submissions in an ongoing action in the United Kingdom between largely the same parties. There is no reason the U.K. Court cannot address the alleged false submissions or spoilation of evidence and craft sanctions if it believes appropriate. Similarly, in as much as Plaintiffs believe misconduct has occurred in other proceedings, the proper avenue would be to seek redress before those tribunals.

In addition, the forum selection clause in the 2016 Settlement Agreement (Compl. ¶¶ 62-64), is likely triggered by the current suit as the D.C. Circuit Court has found that the broad language of that agreement applies to allegations concerning the alleged hacking as Plaintiffs

allege such actions occurred in connect with the formation of the Settlement Agreement. *See Azima v. RAK Investment Authority*, 926 F.3d 870, 880 (D.C. Cir. 2019).

### C. The Claim is Barred by the Statute of Limitations

The four-year limitations period for a RICO claim runs from the date that the injury was discovered; not from the discovery that the injury was part of a pattern of racketeering activity. *Rotella v. Wood*, 528 U.S. 549, 554 (2000). The Complaint alleges Azima discovered these injuries in 2016 and sued shortly thereafter. Compl. ¶ 6. In fact, Plaintiffs' claims in the North Carolina Action have been partially dismissed on statute of limitations grounds related to the 2016 discovery of the alleged injury. *See* North Carolina Dkt. 65, at 9-10. And any acts thereafter that are alleged to further concealment of the alleged scheme are "not separate and distinct [] acts resulting in new and independent injuries" for statute of limitations purposes. *In re Merrill Lynch Ltd. P'ship Litig.*, 154 F.3d 56, 59-60 (2d Cir. 1998). In other words, "[l]abeling a[ ] crime and its cover-up as a pattern of racketeering activity is problematic even where the underlying crime is itself a RICO predicate act, because a scheme to conceal underlying criminal activity does not extend the length of a RICO scheme." *Democratic Natl. Comm. v Russian Fedn.*, 392 F. Supp. 3d. 410, 444 (S.D.N.Y. 2019)(internal quotation marks and citation omitted).

### D. Plaintiffs Have Failed to Plead a RICO Claim

#### a. Plaintiffs Have Not Alleged An Enterprise or Conspiracy

The Complaint seeks to satisfy RICO's "enterprise" requirement by alleging an "association-in-fact." Compl. ¶ 210. That requires Plaintiffs to plead "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit those associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). More specifically, Plaintiffs must make plausible factual allegations that the alleged members "share a common purpose to engage in a particular fraudulent course of conduct," *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 174 (2d Cir. 2004), and that the enterprise has "an existence separate and apart from the racketeering activity itself," *Festinger v. Snitow Kaminetsky Rosner & Snitow, LLP*, 2022 WL 901660, at *20 (S.D.N.Y. Mar. 28, 2022) (Gardephe, J.). The alleged purpose that Plaintiffs ascribe to the enterprise here—to "manufacture and prosecute claims against perceived enemies of RAK . . . [and] to cover up their unlawful conduct and obstruct Plaintiffs' efforts to seek a legal remedy," Compl. ¶ 207, satisfies neither requirement. A RICO claim that relies upon a single, limited fraudulent scheme does not satisfy the pattern requirement of 18 U.S.C. § 1961(5). *See Crawford v. Franklin Credit Mgmt.*, 758 F.3d 473, 489 (2d Cir. 2014).

#### b. Plaintiffs Have Not Alleged a Pattern or Continuity of Racketeering Activity

Plaintiffs also fail to adequately allege a "pattern of racketeering activity," which requires showing "continuity" in criminal activity. *Grace Int'l Assembly of God v. Festa*, 797 F. App'x 603, 605 (2d Cir. 2019). Courts routinely reject RICO claims that involve, as this one does (*see* Compl. fn. 2), only "one scheme with one clear victim." *Grace Int'l Assembly of God* at 606; *see also Dempsey v. Sanders*, 132 F. Supp. 2d 222, 227 (S.D.N.Y. 2001). And concealing one crime does not satisfy the open-ended or close-ended continuity requirement.

January 10, 2023
Page 5 of 5

*See Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999) and *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004).

      c.  Plaintiffs Have Not Plead Cognizable Injury or Proximate Cause

The damages Plaintiffs claim are not a cognizable RICO injury, because RICO allows recovery only for injury to a plaintiff's "business or property." 18 U.S.C. § 1964(c). Azima claims harm to his reputation and goodwill (e.g., Compl. ¶ 245), but those are personal injuries not recognized under RICO. *See Hollander v. Flash Dancers Topless Club*, 340 F. Supp. 2d 453, 459 (S.D.N.Y. 2004), *aff'd* 173 F. App'x. 15 (2d Cir. 2006). Plaintiffs claim to have lost a financing opportunity because of negative publicity about the litigation and seek RICO damages for his associated loss of profits (*see* Compl. ¶¶ 180, 246-249). But lost profits are too speculative to be allowed as RICO damages. *See, e.g., Kimm v. Chang Hoon Lee and Champ, Inc.*, 196 F. App'x 14, 16 (2d Cir. 2006); *World Wrestling Ent., Inc. v. Jakks P., Inc.*, 530 F. Supp. 2d 486, 520-21 (S.D.N.Y. 2007), *aff'd* 328 F. App'x 695 (2d Cir. 2009). In addition, the Plaintiffs have not lost their ability to prosecute their claims because of the alleged cover-up, at most they simply have had to prosecute them in the UK, as they have done. (Compl. ¶ 126). Such allegations do not make out proximate cause for injury. *See Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992) (RICO plaintiff must show that the RICO offense proximately caused his injuries).

      d.  Plaintiffs Fail to Allege Predicate Acts Against Gerrard in the United States

As detailed in the letter submitted by INSIGHT and SDC-GADOT, under *R.J.R. Nabisco v. European Cmty.*, 579 U.S. 325 (2016), Plaintiffs claims require detailed analysis concerning whether each offense violates a predicate statute that is itself extraterritorial. We do not provide that here due to space constraints. However, in as much as Plaintiffs allege a variety of acts undertaken by Gerrard in the United States, many or all of them are not RICO predicate because they are not illegal. For example, Plaintiffs allege that Gerrard was present for a meeting between an FBI agent and non-party Page at which Page was interviewed about Azima (Compl. ¶¶ 78-79). However, Plaintiffs nowhere allege that Page deceived the FBI, that Gerrard encouraged him to, or that Gerrard did anything other than sit in a room while the interview was conducted. Similarly, allegations that Gerrard was aware that false assurances were made to "Azima's U.S. legal teams" do not make out any predicate act. (*Id.*, ¶ 118). Furthermore, as noted above, the Second Circuit found that litigation related activities, including submitting false statements, do not constitute RICO predicate acts and detailed the numerous public policy concerns supporting that general rule. *Kim*, 884 F.3d 104 (2d Cir 2018).

We are still reviewing Plaintiff Azima's substantial related litigations and may determine additional arguments sounding in res judicata or collateral estoppel are available and ask permission to move on those as we determine appropriate.

      Respectfully submitted,

      Andrew St. Laurent