# Miller & Chevalier

**Kirby D. Behre**
Member
(202) 626-5960
kbehre@milchev.com

January 20, 2023

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court Judge
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Azima, et al. v. Dechert LLP, et al*, **22** Civ. 08728 (PGG)

Dear Judge Gardephe:

    Pursuant to the Court's January 18, 2023 Order (ECF No. 104), Plaintiffs submit this letter updating the Court on the steps taken to serve Defendant Amit Forlit ("Forlit"). As detailed below, Plaintiffs have taken and are continuing to take steps to serve Mr. Forlit through the Hague Convention process. Plaintiffs also believe, however, that alternative service would be appropriate through Mr. Forlit's two alter ego entities, each of which is already represented in this action.

### Plaintiffs Have Attempted to Serve Defendant Forlit, Who Is the Only Defendant Who Has Not Been Served

    Plaintiffs filed their Complaint on October 13, 2022, (*see* Compl., ECF No. 1), and the summons for Defendant Forlit was issued the next day. *See* Summons for Amit Forlit, ECF No. 24. On the summons, Forlit's address is listed as 5-A Habarzel Street, Tel Aviv, 69710-02, Israel. *Id*. On October 25, 2022, in compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Plaintiffs sent English and Hebrew copies of the Complaint, Summons, and corporate disclosures to Israel, where they were received on October 30, 2022 by Judge Dr. Yigal Marzel of Israel's Administration of Courts.[1] We understood that service through the Israeli courts could take approximately two months. Having received no update, earlier this week, Plaintiffs inquired about the status of the service documents through Israeli counsel. We were informed that the individual who accepted the service documents has since resigned and apparently did not process or forward the documents. Israeli counsel is in the process of providing

---

[1] Plaintiffs are not attaching supporting exhibits to this letter but will do so if it would be helpful to the Court.

Honorable Paul G. Gardephe
January 20, 2023
Page 2

the service documents to the Administration of Courts again and also mailing the documents to Mr. Forlit by registered post.

**The Forlit Entities, Which Have Appeared in This Matter, Are Owned and Operated Solely by Defendant Forlit**

On October 17 and 28, 2022, Defendants SDC-Gadot LLC and Insight Analysis and Research LLC (the "Forlit Entities") were served in the U.S. through their registered agents. ECF 39; ECF 67. The Forlit Entities are represented by attorneys Elan Baret and Christopher Salivar, both of whom also represent the Forlit Entities, as well as Mr. Forlit on a limited appearance, in the Southern District of Florida. *See* Non-Party's Notice of Limited Appe[a]rance by Counsel at 1-2, *Azima v. Insight Analysis & Research LLC, et al.*, No. 1:22-mc-20707 (S.D. Fla. May 6, 2022), ECF No. 9. On December 30, 2022, Plaintiffs asked Messrs. Baret and Salivar to accept service on behalf of Forlit in this action. They declined, and Plaintiffs emailed the Complaint, Exhibits, Civil Cover Sheet, and Summons to Forlit, Baret, and Salivar. Plaintiffs emailed the Complaint and related documents to Forlit at two known, working email addresses used by Forlit, which are the subject of the ongoing litigation in Florida.

In July 2022, Mr. Forlit served as the company representative for Rule 30(b)(6) depositions of the Forlit Entities. Mr. Baret represented him at those depositions. Forlit testified that the Forlit Entities had "no business activity other than to serve as a conduit to transfer money" to another company of Forlit's in Israel. ECF No. 1 ¶ 232. Forlit also created, owns, and controls each of the Forlit Entities. *Id*. ¶¶ 20-22. Forlit testified that because the entities "were not serving basically any other purpose than being a conduit for transfer of funds, we were not very particular about the choice of – the choice of titles. But for all intents and purposes, it was me who was running the company." Insight Analysis Rule 30(b)(6) by Amit Forlit Dep. Tr. 55:23-56:4 (July 21, 2022), *Azima v. Insight Analysis & Research LLC, et al.*, No. 1:22-mc-20707 (S.D. Fla. May 6, 2022), ECF No. 47-2.

**Alternative Service Through Alter Ego Entities Gives Proper Notice and Is Required for Judicial Efficiency**

Federal Rule of Civil Procedure 4(f) permits service on an individual in a foreign country in one of three ways: "'(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . [;] or (3) by other means not prohibited by international agreement, as the court orders.'" *Makina ve Kimya Endustrisi A.S v. A.S.A.P. Logistics Ltd.*, No. 22-cv-3933 (Gardephe, J.), 2022 WL 3018243, at *2 (S.D.N.Y. July 29, 2022) (quoting Fed. R. Civ. P. 4(f)(1)-(3)).

As this Court has noted, "[t]here is no hierarchy among the subsections in Rule 4(f), and a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3). Moreover, the decision of whether to allow

alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Doe v. Hyassat*, 342 F.R.D.53, 58 (S.D.N.Y. 2022) (Gardephe, J.) (cleaned up). To obtain a Court order under Rule 4(f)(3), a party must show that "the facts and circumstances of the present case necessitate . . . district court intervention.'" *Id.* (cleaned up). In addition, service must not be prohibited by international agreement and must be "reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by the suit or proceeding, and to afford him an adequate opportunity to be heard." *Id.* (cleaned up). "In deciding whether constitutional due process is satisfied by a particular method of service, a court may consider the practicalities in a given case." *Id.* (cleaned up).

Service through counsel for the Forlit Entities is not prohibited by international agreement. Israel is a signatory to the Hague Service Convention. The Hague Convention does not apply, however, where service can be affected domestically under state law. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("[w]here service on a domestic agent is valid and complete under both [forum] law and the Due Process Clause, our inquiry ends and the Convention has no further implications"). New York permits substituted service of foreign parties through affiliates within the court's jurisdiction, if there are grounds to pierce the corporate veil. *See Taca Int'l Airlines, S.A. v. Rolls-Royce of Eng., Ltd.*, 204 N.E.2d 329, 331 (N.Y. 1965).

Courts engaging in veil piercing analysis examine the totality of the facts. *See Clipper Wonsild Tankers Holding A/S v. Biodiesel Ventures, LLC*, 851 F. Supp. 2d 504, 509 (S.D.N.Y. 2012) (citing *United States v. Funds Held in Name or for Benefit of Wetterer*, 210 F.3d 96, 106 (2d Cir. 2000)). The Second Circuit has two means for piercing the corporate veil: "(1) the controlling party (i.e., Forlit) 'used [the] alter ego to perpetrate a fraud' or (2) 'the controlling party dominated the and disregarded [the] alter ego's corporate form [such] that the alter ego was actually carrying on the controlling party's business instead of its own.'" *See Arctic Ocean Int'l, Ltd. v. High Seas Shipping, Ltd.*, 622 F. Supp. 2d 46, 53 (S.D.N.Y.2009) (quoting *In re Holborn Oil Trading Ltd.*, 774 F. Supp. 840, 844 (S.D.N.Y. 1991). As discussed above, Forlit's own testimony established that he used the two alter ego companies to perpetrate various frauds and also that he used the companies as mere conduits for his own business. Because the Forlit Entities are alter egos of Mr. Forlit, international agreement does not prohibit service through those alter egos.

In addition, service of Mr. Forlit through counsel for his alter ego entities will provide him with notice of the Complaint. The Forlit Entities have already sought leave to move to dismiss this Complaint. Since Forlit testified that he is the sole individual in control of the Forlit Entities, Baret and Salivar must have been in contact with Forlit – and provided him with the Complaint in this action – to get engaged on behalf of the Forlit Entities and file their pre-motion letter. Moreover, they must be working with him as they prepare their motion to dismiss due by February 7, 2022. In addition, Mr. Forlit has received the Complaint through working email addresses that he disclosed and that are the subject of litigation in the Southern District of Florida. Other courts analyzing this situation have held that service to the attorneys of an alter ego corporation is sufficient to satisfy service upon the corporation's foreign owner, where the owner is the sole owner and designated representative. *See Calista Enters. Ltd. v. Tenza Trading Ltd.*, 40 F. Supp. 3d 1371, 1376 (D. Or. 2014); *see also Balintulo v. Daimler AG (In re S. Afr. Apartheid Litig.)*, 643

Honorable Paul G. Gardephe
January 20, 2023
Page 4

F. Supp. 2d 423, 437 (S.D.N.Y. 2009) (allowing service on attorneys of a foreign corporation); *Remcoda, LLC v. Ridge Hill Trading (PTY) Ltd.*, No. 21 Civ. 979, 2022 WL 603998, at *8 (S.D.N.Y. Mar. 1, 2022) (describing service authorized on defendants' counsel in a foreign country).

Finally, any further delay in service of Forlit is not just unnecessary but would impede the efficient deployment of judicial resources. *See Equipav S.A. Pavimentação, Engenharia e Comercia Ltda. v. Bertin*, No. 22-cv-4594 (Gardephe, J.), 2022 WL 2758417, at *5 (S.D.N.Y. July 14, 2022) ("[C]ourts in this District have found that lengthy delays in service under the Hague Convention are sufficient to show that alternative service under Rule 4(f)(3) is warranted."); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) ("[T]he Court is concerned that the length of time required for service under the Hague Convention, approximately six to eight months, may unnecessarily delay this case. Courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." (cleaned up) (citing cases); *see also id.* at 266-67.

For the foregoing reasons, Plaintiffs believe that the Court may order service of Mr. Forlit by alternate means under Rule 4(f)(3).

Respectfully submitted,

*/s/ Kirby D. Behre*

Kirby D. Behre

cc: All Counsel of Record (Via ECF)