**Miller & Chevalier**

**Kirby D. Behre**
Member
(202) 626-5960
kbehre@milchev.com

February 17, 2023

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court Judge
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *Azima, et al. v. Dechert LLP, et al*, 22-Civ.-8728(PGG)

Dear Judge Gardephe:

    Plaintiffs submit this letter to supplement their January 20, 2023 letter to the Court regarding their efforts to serve Defendant Amit Forlit. *See* ECF No. 105. In their prior letter, Plaintiffs described their service efforts which included sending English and Hebrew copies of the Complaint, Summons, and corporate disclosures to Israel's Administration of Courts in compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). *See* 20 U.S.T. 361, 1969 WL 97765 (Feb. 10, 1969). As described below, the Israeli Administration of Courts has now sent confirmation to Plaintiffs that service of Defendant Forlit has been completed pursuant to the Hague Convention.

    On February 3, 2023, Plaintiffs received a package of documents from the Israeli Courts Administration. *See* Ex. A (Package from Israeli Courts Administration). The package included a Certificate of Service. The Certificate explained that Defendant Forlit had been served in accordance with Article 5(a), which provides that service is proper if it accomplished "by a method prescribed by [Israel's] internal law for the service of documents in domestic actions upon persons who are within its territory." *Id.*, art. 5(a).

    Federal Rule of Civil Procedure 4(f) provides that "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f). Article 6 of the Hague Convention allows the central judicial authority, here Israel's Administration of Courts, to send "a certificate . . . stat[ing] that the document has been served . . . [.] If the document has not been served, the certificate shall set out the reasons which have prevented service." Hague Convention, 20 U.S.T. 361, art. 6. This has now been accomplished.

**Miller & Chevalier Chartered** . 900 16th Street NW . Black Lives Matter Plaza . Washington, DC 20006
**T** 202.626.5800 . millerchevalier.com

2812257.4

Honorable Paul G. Gardephe
February 17, 2023
Page 2

      Based on the above, Plaintiffs respectfully request that the Court docket the Certificate of Service received from the Israeli Administration of Courts, attached hereto as Exhibit A and find that Defendant Forlit has now been properly served.

                                         Respectfully submitted ,

                                         /s/ *Kirby D. Behre*

                                         Kirby D. Behre

cc: All Counsel of Record (Via ECF)