# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FARHAD AZIMA, et. al., | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | Civil Action No. 1:22-cv-08728 (PGG) |
| v. | : | |
| | | ORAL ARGUMENT REQUESTED |
| | : | |
| DECHERT LLP, et al. | : | |
| | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Samuel Rosenthal, Esq.
Lisa A. Herbert, Esq.
Nelson Mullins Riley & Scarborough LLP
330 Madison Avenue
27th Floor
New York, New York 10017
sam.rosenthal@nelsonmullins.com
lisa.herbert@nelsonmullins.com
Tel:      212.413.9058
Fax:      646.428.2610

*Counsel for Nicholas Del Rosso and*
*Vital Management Services, Inc.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ....................................................................................................... 1

ARGUMENT ............................................................................................................. 2

      I.     BECAUSE THE COMPLAINT SEEKS TO REASSERT CLAIMS
           WHICH AZIMA LITIGATED AND LOST, THE SUIT IS BARRED BY
           RES JUDICATA AND COLLATERAL ESTOPPEL ...........................................2

      II.    DISMISSAL IS REQUIRED EVEN ACCEPTING PLAINTIFFS'
           CONTENTION THAT THE COMPLAINT DOES NOT RELY ON
           HACKING AND OTHER ALLEGATIONS DISMISSED PREVIOUSLY .........4

CONCLUSION ........................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Azima v. Del Rosso*,
  No. 1:20CV954, 2021 WL 5861282 (M.D.N.C. Dec. 10, 2021) ................1, 2, 4

*Azrielli v. Cohen Law Offices*,
  21 F.3d 512 (2d Cir. 1994) ...................................................................6

*Baisch v. Gallina*,
  346 F.3d 366 (2d Cir. 2003) ................................................................6

*Ben-Zvi v. Bo Hi Pak*,
  No. 10 CV 9588(VB), 2011 WL 7095422 (S.D.N.Y. Dec. 16,
  2011) .......................................................................................................3

*Chevron Corp. v. Donziger*,
  974 F. Supp. 2d 362 (S.D.N.Y. 2014) .................................................6

*Epperson v. Entm't Express, Inc.*,
  242 F.3d 100 (2d Cir. 2001) ................................................................3

*Expert Elec., Inc. v. Levine*,
  554 F.2d 1227 (2d Cir 1977) ...............................................................3

*J.T. v. de Blasio*,
  500 F. Supp. 3d 137 (S.D.N.Y. 2020) ................................................1

*RAK Investment Authority v. Azima*
  [2020].....................................................................................................1

*St. Pierre v. Dyer*,
  208 F.3d 394 (2d Cir. 2000) ................................................................3

*Yellow Bus Lines, Inc. v. Drivers, Chauffers & Helpers*,
  913 F.2d 948 (D.C. Cir. 1990) ............................................................6

**Statutes**
18 U.S.C. § 1961(1) ......................................................................................6

**Other Authorities**
RICO .......................................................................................1, 2, 4, 5, 6

Defendants Del Rosso and Vital Management ("Vital") (collectively, "Defendants") file this Reply in support of dismissal of the Complaint, and in reply to the Opposition directed to Defendants' Motion.  Defendants also rely on the Omnibus Reply Brief filed by all defendants.

## INTRODUCTION

Plaintiffs urge that the RICO statute be "liberally construed," *see* Pls.' Omnibus Mem. in Opp'n to Defs.' Motion at 18, failing to acknowledge numerous holdings recognizing that "courts should strive to flush out frivolous RICO allegations at an early stage of the litigation."  *J.T. v. de Blasio*, 500 F. Supp. 3d 137, 165 (S.D.N.Y. 2020).   But even a liberal construction of RICO cannot save the Complaint here.  Plaintiffs exaggerate and distort what is pled, rely on facts known to be false, and in some cases, even assert as true allegations which fly in the face of their own pleadings, filings, and admissions.  Plaintiffs also ignore controlling authority undermining their position.

Ultimately, this case is simply about Azima's allegation that his data was hacked and that Defendants tried to cover-up those hacking activities in court.  Those are the same allegations previously dismissed in another lawsuit brought by Azima.   *See Azima v. Del Rosso*, No. 1:20CV954, 2021 WL 5861282, at *8–9 (M.D.N.C. Dec. 10, 2021) (hereinafter "*Azima v. Del Rosso*").  Doctrines of collateral estoppel and res judicata bar relitigating those claims.

Plaintiffs cannot make up for these deficiencies through fanciful allegations.  One such allegation is that all defendants hacked Azima's data in order to draw Azima into some baseless lawsuit in the United Kingdom by a foreign government, Ras Al Khaimah ("RAK"), who accused Azima of engaging in multiple frauds.   Not only does that fail to answer any legal deficiencies, but the suit was hardly "baseless."  The U.K. Court found that Plaintiff's testimony was "frequently inconsistent with the contemporaneous documents," "inherently implausible," and at times "untruthful." *RAK Investment Authority v. Azima* [2020] EWHC 1327 (Ch) [159, 246, 250, 381].

It also found that Azima had backdated documents to fabricate his dispute with the RAK Investment Authority ("RAKIA")—RAK's sovereign wealth fund—and that Azima conspired to misappropriate $1,500,000 from RAKIA; committed bribery; and devised a "sham" agreement to "conceal" his conduct.  [2020] EWHC 1327 (Ch), ¶¶ 93, 117, 138–42, 1891, 237, 247–50.

## ARGUMENT

### I.   BECAUSE THE COMPLAINT SEEKS TO REASSERT CLAIMS WHICH AZIMA LITIGATED AND LOST, THE SUIT IS BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL.

Plaintiffs cannot avoid the fact that he is trying to relitigate issues Azima lost previously. One such suit specifically named Defendants Del Rosso and Vital.  *See Azima v. Del Rosso.* Plaintiffs try to avoid the bars imposed by the doctrines of collateral estoppel and res judicata by ignoring their own pleadings and theory of the case in both the instant action as well as the North Carolina Lawsuit against Defendants Del Rosso and Vital.

For instance, Plaintiffs argue that "the Complaint does not seek relief for the hacking Azima suffered seven years ago."  Pls.' Mem. in Opp'n to Del Rosso and Vital's Mot. 8.  But that ignores the fact that the Complaint refers to "hacking" of Azima's data 251 times. Equally disingenuous is Plaintiffs' contention that they are only claiming that it is "Defendants [sic] misconduct after the 2020 North Carolina Proceeding was filed that exposes them to liability." Pls.' Mem. 11.  In direct contradiction of Plaintiffs' new theory, Exhibit B to their Complaint sets forth acts allegedly in furtherance of the RICO conspiracy; it contains 159 entries prior to October 15, 2020 (when the North Carolina proceeding was filed).  *See* D.E. No. 1-2 at 1–70.  Exhibit A includes 374 entries allegedly reflecting illegal payments supporting the pattern of racketeering, all occurring prior to October 15, 2020, even dating back to 2014.  *See* D.E. No. 1-1 at 1–75.

Not only is Plaintiffs' argument contrary to their own pleadings, it rests on an erroneous view of the law. Plaintiffs argue that the parties, facts, and legal theories at issue in both the North Carolina Lawsuit and the instant action must be "identical" in order for collateral estoppel and res judicata to apply. Plaintiffs do not even try to distinguish caselaw cited in Defendants' Opening Brief, holding that "[t]he doctrine of collateral estoppel—also known as issue preclusion—bars successive litigation of an issue of fact or law actually litigated and resolved in a prior judgment, even if the issue recurs in the context of a different claim." *Ben-Zvi v. Bo Hi Pak*, No. 10 CV 9588(VB), 2011 WL 7095422 , at *2 (S.D.N.Y. Dec. 16, 2011) (citation omitted). Nor do Plaintiffs cite—must less distinguish—cases holding that "[u]nder the doctrine of res judicata, or claim preclusion, '[a] final adjudication on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action.'" *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (first alteration added) (emphasis added) (citation omitted); *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir 1977).

Finally, Plaintiffs suggest that they can avoid the bar of the statute of limitations by inserting new parties controlled by Azima. But they ignore binding authority holding that:

> a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties, *or those in privity with them*, upon the same claim or demand. It operates to bind the parties both as to issues actually litigated and determined in the first suit, and as to those *grounds or issues which might have been, but were not, actually raised and decided in that action*.

*Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 108 (2d Cir. 2001) (emphasis added) (citation omitted). Plaintiffs cannot simply add companies which are either wholly owned by Azima, or in which he holds a 50% interest, to avoid the statute of limitations. *See* Compl. ¶¶ 11–13.

Here, the crucial factual determination in both the North Carolina Lawsuit and the instant case are in fact the same. Plaintiffs ignore legal authority holding that the statute of limitations

governing both allegations of hacking, as well as allegations that those actions were concealed by Defendants, turn on when Plaintiffs were on notice of their injuries.  As to the former set of allegations, the Court in the Middle District of North Carolina ruled that Plaintiff's earlier lawsuit establish knowledge "he had been hacked and his hacked confidential business data published online," and that "by 2016 Plaintiff had discovered the conduct underlying [various counts in Complaint and that] . . . the statutes of limitations seemingly accrued in 2016 and lapsed in 2019 — prior to this case's filing in 2020.  *See Azima v. Del Rosso*, No. 1:20CV954, 2021 WL 5861282, at *3 (M.D.N.C. Dec. 10, 2021); *see also* Ex. A to Del Rosso and Vital's Mot. to Dismiss (M.D.N.C. Opinion at 9–10).  That Court then went on to hold that any conduct intended to conceal such activities was legally insufficient to show that Plaintiffs were unaware of any injuries in 2016, triggering the statute of limitations.  *See Azima v. Del Rosso*, 2021 WL 5861282, at *5; see also Ex. A to Del Rosso and Vital's Mot. to Dismiss at 14–15 ("Plaintiff has failed to establish the elements required for either fraudulent concealment or equitable estoppel to toll the statute of limitations for the remaining count arising under federal law.").

Accordingly, the crucial fact—that Azima was aware of his injuries more than four years prior to filing this suit—is exactly the same issue which was litigated in the North Carolina Lawsuit.

## II.   DISMISSAL IS REQUIRED EVEN ACCEPTING PLAINTIFFS' CONTENTION THAT THE COMPLAINT DOES NOT RELY ON HACKING AND OTHER ALLEGATIONS DISMISSED PREVIOUSLY.

Even if this Court were to accept Plaintiff's request that it ignore allegations reasserting claims previously dismissed in the Middle District of North Carolina, dismissal is still required. Plaintiffs' approach would require the Court to ignore the very conduct supposedly showing that Defendants participated in the management of the enterprise sufficiently to satisfy RICO.

For instance, Plaintiffs argue out of one side of their mouth that they are not relying on hacking, *see supra*, and yet argue out of the other side of their mouth that this same conduct by Vital and Del Rosso shows they participated in the management of the affairs of the Enterprise. *See* Pls.' Mem. at 5–6.  Once Plaintiffs acknowledge that they cannot relitigate such hacking allegations, which do not constitute RICO predicate crimes in any event, see Def. Omnibus Br., none of those allegations can establish this element of RICO.

As demonstrated in Def. Omnibus Brief, virtually all of the remaining allegations involve litigation tactics which cannot support a RICO claim in any event.  *See* Defs.' Omnibus Mem. Such allegations include trying to "obstruct U.S. court proceedings," Pls.' Mem. at 1 (citing Compl. ¶¶ 18–19), including through "directing Jain to destroy documents and create a false contract for use in litigation [and] anonymously mailing hacked documents to the D.C. court," (*id.*, ¶¶ 121–22, 148–51, 165–66, 241); "delet[ing] an account containing communications with co-conspirators relevant to a U.S. proceeding," (*id.* ¶ 149); submitting false statements to U.S. courts denying involvement in the hacking of Azima, (*id.*, Complaint ¶¶ 157, 159); "falsely den[ying] hacking Al Sadeq's attorneys in a U.S. court proceeding, *id.* (*id.,* ¶ 177); and "fabricat[ing] false evidence," (*id.,* ¶¶ 218–19). Based on such conduct, Plaintiffs claim they are seeking relief for "efforts to embroil Azima in costly litigation to drive up legal fees, ruin his businesses, obtain a judgment against him, and prevent him from litigating his claims." *See, e.g.*, *id*. ¶ 207.

Plaintiffs try to avoid dismissal by arguing that Defendants' conduct alleged here—bribing or intimidating witnesses or other conduct during the course of prior lawsuits—"go well beyond ordinary litigation activities."  Pls.' Mem. at 6 n.8. Defendants' Omnibus Brief demonstrates that the very same allegations advanced here have been found insufficient under RICO.  This includes notifying law enforcement of Azima's illegal activities, conduct which fails to come close to

5

anything constituting a predicate crime under RICO.  *See* 18 U.S.C. § 1961(1) (listing potential predicate conduct constituting racketeering activity).

The foregoing renders it unnecessary for this Court to address Plaintiffs' contention that a conflict exists among circuits as to the appropriate standard.  *See* Pls.' Mem. at 4 n.5.  No circuit has held that conduct incapable of forming a pattern of racketeering under RICO is nevertheless capable of showing participation in the management or operation of a RICO enterprise.  And as in *Yellow Bus Lines, Inc. v. Drivers, Chauffers & Helpers,* 913 F.2d 948, 954 (D.C. Cir. 1990), the Second Circuit has found mere involvement in transactions constituting a pattern of racketeering cannot satisfy the statute's "conduct" requirement.  *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 521 (2d Cir. 1994) (lawyer for other individuals in "most of the transactions at issue").

Plaintiffs instead rely on *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 576 (S.D.N.Y. 2014) for the proposition that "'[d]iscretionary authority in carrying out the instructions of the [enterprise's] principals" can satisfy RICO.  *See* Pls.' Mem. at 4.  That case is distinguishable, as Def. Omnibus Brief demonstrates. Indeed, in *Chevron,* the defendant was responsible for the "ultimate command" of the enterprise.  974 F.Supp.2d at 576.  *Chevron* also relied on *Baisch v. Gallina*, 346 F.3d 366 (2d Cir. 2003), which involved a RICO enterprise which defrauded various persons by falsifying construction and other documents.  The Court held that section 1962(c) was satisfied if one of the individuals "recruit[ed] financing for the enterprise, obtain[ed] bonds and insurance coverage, issu[ed] false insurance certificates, conceal[ed] Raycon's deceptive payroll practices, and represent[ed others operating the criminal enterprise] in meetings with Baisch."  *Id*. at 376.  By contrast, allegations directed at Defendants are not even RICO predicate offenses.

## CONCLUSION

The Complaint should be dismissed with prejudice as to Defendants Del Rosso and Vital.

Dated:  June 20, 2023                    Respectfully submitted,

                                         /s/ *Samuel Rosenthal*
                                         Samuel Rosenthal, Esq.
                                         Lisa A. Herbert, Esq.
                                         Nelson Mullins Riley & Scarborough LLP
                                         330 Madison Avenue, 27th Floor
                                         New York, New York  10017
                                         sam.rosenthal@nelsonmullins.com
                                         lisa.herbert@nelsonmullins.com
                                         Tel:    212.413.9058
                                         Fax:    646.428.2610
                                         *Counsel for Nicholas Del Rosso and Vital*
                                         *Management Services, Inc.*

7