UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FARHAD AZIMA,<br>ALG TRANSPORTATION, INC.,<br>MAIN 3260 LLC,<br>FFV W39 LLC, and<br>FFV DEVELOPMENT LLC,<br><br>                      Plaintiffs,<br>v.<br><br>DECHERT LLP,<br>DAVID NEIL GERRARD,<br>DAVID GRAHAM HUGHES,<br>NICHOLAS DEL ROSSO,<br>VITAL MANAGEMENT SERVICES, INC.,<br>AMIT FORLIT,<br>INSIGHT ANALYSIS AND RESEARCH LLC,<br>SDC-GADOT LLC,<br>AMIR HANDJANI,<br>ANDREW FRANK, and<br>KARV COMMUNICATIONS,<br><br>                      Defendants. | Case No. 1:22-cv-08728 (PGG) (JW)<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT DAVID NEIL GERRARD'S MOTIONS TO DISMISS**

Andrew St. Laurent
Evan W. Bolla
HARRIS ST. LAURENT & WECHSLER LLP
40 Wall Street, 53rd Floor
New York, NY 10005
Tel: (212) 397-3370
andrew@hs-law.com
ewbolla@hs-law.com

*Counsel for Defendant David Neil Gerrard*

**TABLE OF CONTENTS**

I. Plaintiffs' Claims Against Gerrard Are Subject to the Forum Selection Clause in the 2016 Settlement Agreement..................................................................................................1

II. New York Long-Arm Statutes Do Not Provide Personal Jurisdiction Over Gerrard..............3

    a. Personal Jurisdiction is Not Available under NYCPLR § 302(a)(1)...............................3

    b. Personal Jurisdiction is Not Available under NYCPLR § 302(a)(2)...............................4

    c. Personal Jurisdiction Against Gerrard Is Not Available for Actions by Third Parties.....5

III. The Federal Long-Arm Statute is Unavailable to Plaintiffs......................................................6

IV. Plaintiffs Have Not Alleged Even a Single Predicate RICO Act by Gerrard..........................6

V. Gerrard Incorporates the Arguments of His Co-defendants to the Extent They Apply to Claims Against Him..................................................................................................................7

VI. Conclusion................................................................................................................................7

## **TABLE OF AUTHORITIES**

**Cases**

*7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*
   No. 13 Civ. 981 (PGG), 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) ...................................6

*Al Thani v. Hanke*
   No. 20 CIV. 4765 (JPC), 2021 WL 1895033 (S.D.N.Y. May 11, 2021) ..................................5

*Azima v. RAK Inv. Auth.*
   926 F.3d 870 (D.C. Cir. 2019) ............................................................................................1, 2

*Bild v. Konig*
   No. 09-CV-5576 ARR VVP, 2014 WL 3015236 (E.D.N.Y. July 3, 2014) .................................7

*Brodsky v. Match.com LLC*
   No. 09 Civ. 5328(NRB), 2009 WL 3490277 (S.D.N.Y. 2009) .................................................2

*Democratic National Comm. v. Russian Federation*
   392 F. Supp. 3d 410 (S.D.N.Y. 2019) .....................................................................................6

*DirecTV Latin Am., LLC v. Park 610, LLC*
   691 F. Supp. 2d 405 (S.D.N.Y. 2010) .....................................................................................4

*Epperson v. Ent. Express, Inc.*
   242 F.3d 100 (2d Cir. 2001) ....................................................................................................1

*E-Z Bowz, L.L.C. v. Pro. Prod. Rsch. Co.*
   No. 00 CIV.8670 LTS GWG, 2003 WL 22064259 (S.D.N.Y. Sept. 5, 2003) ..........................5

*First Capital Asset Mgt., Inc. v. Brickellbush, Inc.*
   218 F. Supp. 2d 369 (S.D.N.Y. 2002) .....................................................................................5

*Fischbarg v. Doucet*
   9 N.Y.3d 375 (2007) ...............................................................................................................3

*Funk v. Belneftekhim*
   No. 14-CV-0376 (BMC), 2017 WL 5592676 (E.D.N.Y. Nov. 20, 2017) ..................................5

*Greco v. Ulmer & Berne L.L.P.*
   23 Misc. 3d 875 (Sup. Ct. Kings Cty. 2009) ...........................................................................4

*Kahn Lucas Lancaster, Inc. v. Lark International Ltd.*
   956 F. Supp. 1131 (S.D.N.Y. 1997) ........................................................................................4

*Kelly v. United States*
    140 S. Ct. 1565 (2020) .................................................................................................. 6

*Kreutter v. McFadden Oil Corp.*
    71 N.Y.2d 460 (1988) .................................................................................................... 5

*PaineWebber Inc. v. WHV, Inc.*
    No. 95 Civ. 0052 (LMM), 1995 WL 296398 (S.D.N.Y. 1995) ..................................... 4

*Phillips v. Audio Active Ltd.*
    494 F.3d 378 (2d Cir. 2007) .......................................................................................... 2

*Postlewaite v. McGraw-Hill*
    333 F.3d 42 (2d Cir. 2003) ............................................................................................ 2

*Rajaratnam v. Motley Rice, LLC*
    449 F. Supp. 3d 45 (E.D.N.Y. 2020) ............................................................................. 7

*Scherk v. Alberto-Culver Co.*
    417 U.S. 506 (1974) ...................................................................................................... 2

*Ujvari v. 1stdibs.com, Inc.*
    No. 16 CIV. 2216 (PGG), 2017 WL 4082309 (S.D.N.Y. Sept. 13, 2017) .................... 1

*United States v. Walters*
    997 F.2d 1219 (7th Cir. 1993) ....................................................................................... 7

*Williams v. Romarm*
    751 F. App'x 20 (2d Cir. 2018) ..................................................................................... 3

*Zeta Global Corp. v. Maropost Marketing Cloud Inc.*
    No. 20 Civ. 3951 (LGS), 2021 WL 1668134 (S.D.N.Y. Apr. 28, 2021) ....................... 1

**Statutes**

18 U.S.C. § 1965 .................................................................................................................. 3

NYCPLR § 301 .................................................................................................................... 3

NYCPLR § 302 ................................................................................................................ 3, 4

**Rules**

Fed. R. Civ. P. 4 ................................................................................................................... 6

On October 13, 2022, Plaintiffs filed a Complaint alleging that David Neil Gerrard ("Gerrard") was a "ringleader" of a wide-ranging civil RICO conspiracy. On February 28, 2023, Gerrard moved to dismiss, arguing the claims were subject to a forum selection clause; that having transacted no business, and committed no torts in New York, he was not subject to personal jurisdiction there; and that Plaintiffs had not adequately pled even a single RICO predicate. On May 23, 2023, Plaintiffs filed their opposition. This reply follows.

I. **Plaintiffs' Claims Against Gerrard Are Subject to the Forum Selection Clause in the 2016 Settlement Agreement**

Plaintiffs first argue that the 2016 Settlement Agreement is subject to UK law and, based on the foreign law declaration of Lord Hoffman (Declaration of Lord Hoffman (the "Hoffman Dec."), ¶ 8), argue that UK law's privity requirement excludes Gerrard from the scope of the 2016 Settlement Agreement's forum selection clause ("FSC"). Courts in the Second Circuit have relied on federal common law in determining the parties bound by an FSC. *See Zeta Global Corp. v. Maropost Marketing Cloud Inc.*, No. 20 Civ. 3951 (LGS), 2021 WL 1668134, at *4 (S.D.N.Y. Apr. 28, 2021) (Dechert Reply at 2). In the alternative, "parties by their acquiescence may induce the trial court to assume that foreign law is similar to that of the forum, with the result that a court does not err when it articulates its decision by reference to the law of the forum." *Ujvari v. 1stdibs.com, Inc.*, No. 16 CIV. 2216 (PGG), 2017 WL 4082309, at *7 (S.D.N.Y. Sept. 13, 2017) (cleaned up). In the 2019 D.C. Circuit appeal, Azima conceded that the FSC can be interpreted without reliance "on any distinctive features of English law," solely "on general contract law principles." *Azima v. RAK Inv. Auth.*, 926 F.3d 870, 876 (D.C. Cir. 2019). Azima is bound by that choice now. *See Epperson v. Ent. Express, Inc.*, 242 F.3d 100, 108 (2d Cir. 2001). Applying federal common law, Gerrard is bound by the FSC because the 2016 Settlement Agreement binds the parties and their advisers, which included Gerrard, (February 28, 2023 Gopstein Decl. at Exh. 1

("Settlement Agreement"), ¶ 5.1), and is "closely related" to RAKIA like Dechert is, (Dechert Reply, 3-4), and so can enforce the FSC against Azima.

Second, Plaintiffs argue that the claims in the Complaint do not fall within the FSC. This is not correct. Plaintiffs have affirmatively pled Gerrard's central role in getting Azima to sign the 2016 Settlement Agreement, (Complaint, ¶¶ 5, 26(a), 62-64), and centered the Complaint on a cover-up of the hacking that led to Azima entering into the Settlement Agreement (*id.*, p. 2 n. 2). These claims relate to the "formation of" the Settlement Agreement and so fall within the broad FSC. (Settlement Agreement, § 7); *see also Azima*, 926 F.3d at 877 (describing "in connection with" phrase in FSC as having "quite broad" application). Nothing in English law calls for a different interpretation. *See* June 19, 2023 Declaration of Lord Neuberger at ¶¶ 9-13.

Third, Plaintiffs argue that the Settlement Agreement was obtained by fraud, rendering the FSC unenforceable. Plaintiffs make the wrong argument. "[G]eneral allegations that the contract as a whole was tainted by fraudulent inducement are insufficient to invalidate a [FSC] where, as here, a plaintiff has not alleged fraudulent inducement with respect to the [FSC] itself." *Brodsky v. Match.com LLC,* No. 09 Civ. 5328(NRB), 2009 WL 3490277, at *3 (S.D.N.Y. 2009); *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n. 14 (1974). Plaintiffs are also estopped from making this argument. The D.C. Circuit previously enforced this clause against Azima, and so must have found it enforceable. Azima had a full and fair opportunity to challenge the clause there as fraudulent, as he raised similar allegations concerning the hacking being done in connection with the Agreement but did not. *See* Complaint, ¶¶ 77-86. He is not entitled to a second bite at the apple here. *See Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003).[1]

---

[1] Contrary to Azima's assertion, Gerrard did not "lie in wait" (Azima Gerrard Br. 7) but directed Plaintiffs to make the argument needed to meet their burden, *see Phillips v. Audio Active Ltd.,* 494 F.3d 378, 392 (2d Cir. 2007), an opportunity Plaintiffs have now squandered.

2

Fourth, the FSC is applicable to the non-Azima Plaintiffs for the reasons stated in the Dechert Individual Brief. (*Id.* at 3-4).

## II. New York Long-Arm Statutes Do Not Provide Personal Jurisdiction Over Gerrard

Plaintiffs have not opposed Gerrard's arguments that jurisdiction is unavailable under RICO's nationwide service of process provision, 18 U.S.C. § 1965(b), and New York's general jurisdiction statute, NYCPLR § 301, and have accordingly waived them. *See Williams v. Romarm*, 751 F. App'x 20, 23 (2d Cir. 2018) (summary disposition). Plaintiffs argue that jurisdiction over Gerrard is available under either NYCPLR § 302(a)(1) or § 302(a)(2) based on the allegations in the Complaint that Gerrard regularly met with Handjani, Buchanan, Page, Frank, Del Rosso, and others between 2015 and 2020 including at Dechert's offices in New York to advance the goals of the Enterprise (Complaint, ¶¶ 15, 35, 54, 60).[2] Plaintiffs have not made a *prima facie* case on either prong.

### a. Personal Jurisdiction is Not Available under NYCPLR § 302(a)(1)

NYCPLR § 302(a)(1) provides, in relevant part, personal jurisdiction over parties "who transact[] any business within the state[.]" "Transacting business" in this context means commercial dealings between third parties, not meetings, including internal meetings, that do not arise from or result in a "transaction." *See Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007) ("Not all purposeful activity, however, constitutes a 'transaction of business' within the meaning of

---

[2] While Plaintiffs cite to other paragraphs of the Complaint in support of their arguments (Azima Gerrard Br. 8), those paragraphs of the Complaint do not mention Gerrard, do not relate to events in New York, or both. *See* Complaint, ¶¶ 23-24, 29-32, 37, 77 (not a mention of Gerrard); ¶¶ 59, 78, 104 (not in New York), and ¶ 76 (neither). Plaintiffs' citations to their own Complaint that Gerrard reached into New York from other jurisdictions, (Azima Gerrard Br. 9), fare no better. *See* Complaint, ¶¶ 45 (no mention of New York), ¶ 104 (Gerrard at meeting in Cyprus, Goldstein attended virtually from New York), ¶ 105 (Hughes testimony in UK), and ¶¶ 122-125 (hacked documents sent to Dechert's NY office for use in D.C. proceeding).

3

CPLR 302(a)(1).");³ *see also Kahn Lucas Lancaster, Inc. v. Lark International Ltd.*, 956 F. Supp. 1131, 1136 (S.D.N.Y. 1997) (holding that to establish jurisdiction in New York based on meetings in that state, the meetings must be essential to the formation or continuance of a business relationship); *Greco v. Ulmer & Berne L.L.P.*, 23 Misc. 3d 875, 889 (Sup. Ct. Kings Cty. 2009) (meetings in New York insufficient to create personal jurisdiction over Illinois law firm).

For the same reason, actions by Gerrard communicating into New York do not provide personal jurisdiction over him because those communications did not relate to transactions in New York. *See DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 420 (S.D.N.Y. 2010) ("[C]ommunications into New York will only be sufficient to establish personal jurisdiction if they were related to some transaction that had its center of gravity inside New York, into which a defendant projected himself."). Further, the meetings that Gerrard is alleged to have attended in New York related to proceedings outside New York and cannot sustain personal jurisdiction under the "minimum contacts" prong of the Due Process analysis. *See PaineWebber Inc. v. WHV, Inc.*, No. 95 Civ. 0052 (LMM), 1995 WL 296398, at *3 (S.D.N.Y. 1995) ("[O]ccasional meetings in the forum state that are exploratory, unproductive or insubstantial are insufficient to establish requisite contacts with the state.").

b. *Personal Jurisdiction is Not Available under NYCPLR § 302(a)(2)*

NYCPLR § 302(a)(2) provides, in relevant part, personal jurisdiction over parties who "commit[] a tortious act within the state." Because no action was taken against any Plaintiff in

---

³ The cases cited by Plaintiffs on transaction of business uniformly address transactions with a third party (sometimes, but not always, the plaintiff) out of which the relevant claims arose. In the Complaint, however, Plaintiffs do not allege that Gerrard (or any defendant) reached into New York to hire another party to advance the purposes of the Enterprise but rather that there were meetings with co-workers who happened to be in New York and among parties who were already members of the Enterprise. Complaint, ¶¶ 18, 23, 24, 29, 31, 32, 35, 37, 54.

New York and no injury accrued to them there, no tort was committed here. *See E-Z Bowz, L.L.C. v. Pro. Prod. Rsch. Co.*, No. 00 CIV.8670 LTS GWG, 2003 WL 22064259, at *10 (S.D.N.Y. Sept. 5, 2003) (situs of tort directed at out-of-state court was in that other state). This distinguishes this case from those relied upon by Plaintiffs. *See Al Thani v. Hanke*, No. 20 CIV. 4765 (JPC), 2021 WL 1895033, at *8 (S.D.N.Y. May 11, 2021) (false statements made in New York to plaintiffs' agent); *Funk v. Belneftekhim*, No. 14-CV-0376 (BMC), 2017 WL 5592676, at *10 (E.D.N.Y. Nov. 20, 2017) (defendants made misrepresentations in New York). Gerrard did not commit a tort in the state of New York, so there is no jurisdiction over him under the statute or consistent with the "minimum contacts" requirements of Due Process.

    c. *Personal Jurisdiction Against Gerrard Is Not Available for Actions by Third Parties*

  To establish personal jurisdiction in New York under an agency theory, the plaintiff must demonstrate that another party transacted business or committed a tort in New York as the agent of the defendant and under his control. *See Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988); *First Capital Asset Mgt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 394 (S.D.N.Y. 2002). Plaintiffs allege that Gerrard directed Hughes or others to take actions in New York. (Azima Gerrard Br. 10). This argument fails at every level. The allegations in the Complaint were not that Gerrard controlled or even "directed" these others but that they "worked with" or got input from Gerrard (Complaint, ¶¶ 17, 59); none of the allegations in the Complaint support the conclusion that Gerrard "controlled" any person in New York, as made clear by the allegations in the Complaint cited by Plaintiffs, which reflect either no exercise of control by Gerrard, actions not in New York, or both. *See id.* ¶ 36 (that Hughes' unnamed "co-conspirators and agents engaged in intentional, wrongful, illegal, and/or [sic] acts in the United States and New York"); ¶ 59 (no reference to New York); ¶ 86 (no mention of Gerrard or Hughes or NY-based actions); ¶ 93

5

(Goldstein "re-affirming" representations made by Hughes); ¶ 102 (Hughes present for Cyprus meeting); ¶ 103 (Hughes signs affirmation in UK proceeding); ¶ 104 (Hughes present for 2nd Cyprus meeting); ¶ 105 (Hughes signs another affirmation in UK proceedings); ¶ 106 (Hughes present at meeting in London); ¶¶ 118-19 (actions directed at D.C. courts); Exh. B line 57 (filing in D.C. District Court); Exh. B line 84 (filing in UK High Court); Exh. B line 85 (email to Azima's counsel in D.C. District Court).

### III.  The Federal Long-Arm Statute is Unavailable to Plaintiffs

In the Second Circuit, plaintiffs need to certify that the foreign defendants are not subject to jurisdiction in any state to meet the second requirement of Fed. R. Civ. P. 4(k)(2). *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, No. 13 Civ. 981 (PGG), 2015 WL 1514539, at *13 (S.D.N.Y. Mar. 31, 2015), *aff'd*, 771 Fed.Appx. 498 (2d Cir. 2019). Because Plaintiffs have not made the necessary certification, instead only stating, in passing, that "there is no indication that Gerrard… would be subject to jurisdiction in any other state's court of general jurisdiction[,]" (Azima Gerrard Br. 13), this Court should decline jurisdiction under that Rule, *see 7 W. 57th St. Realty*, 2015 WL 1514539, at *13, and because the "minimum contacts" with the United States required by Due Process are lacking.

### IV.  Plaintiffs Have Not Alleged Even a Single Predicate RICO Act by Gerrard

Acts of post-completion concealment are not RICO predicates. *See Democratic National Comm. v. Russian Federation*, 392 F. Supp. 3d 410, 444 (S.D.N.Y. 2019).

Allegations of mail and wire fraud require that money or property be obtained from the victim by the defendants. Allegations of losses unrelated to gains by defendants or reputational injury without more, like those here, are insufficient. *See Kelly v. United States*, 140 S. Ct. 1565, 1573 (2020) ("a [] fraud conviction cannot stand when the loss to the victim is only an incidental

byproduct of the scheme."); *United States v. Walters*, 997 F.2d 1219, 1227 (7th Cir. 1993) ("[O]nly a scheme to obtain money or other property from the victim by fraud violates § 1341. A deprivation is a necessary but not a sufficient condition of mail fraud.").

The obstruction of justice alleged in the Complaint was directed at the UK proceedings, an extraterritorial proceeding to which the federal obstruction of justice statute does not apply. In addition, to the extent the acts alleged against Gerrard affected the course of court proceedings in the United States, these are activities courts have rejected as RICO predicate acts. *See Rajaratnam v. Motley Rice, LLC*, 449 F. Supp. 3d 45, 69 (E.D.N.Y. 2020) (law firm's "disseminating false statements to [a state] court with the intent to coerce plaintiff into settling" did not support RICO violation); Joint Response Br. 28-30; Gerrard Moving Br. 14-15.

Money laundering requires the money to constitute the "proceeds of specified unlawful activity" or that it be used to promote or conceal such activity. *Bild v. Konig*, No. 09-CV-5576 ARR VVP, 2014 WL 3015236, at *8 (E.D.N.Y. July 3, 2014). Litigating on behalf of a client remains a lawful activity, and Plaintiffs have not identified a dollar that passed to Dechert or Gerrard from any activity other than that. Promoting "specified unlawful activity" requires Plaintiffs to have sufficiently alleged such activity, and Plaintiffs have not.

**V.  Gerrard Incorporates the Arguments of His Co-defendants to the Extent They Apply to Claims Against Him**

**VI.  Conclusion**

For the reasons described above, in Gerrrard's moving memorandum of law, in the joint memoranda of law, in the memoranda submitted by his co-defendants, and all the pleadings and proceedings in this matter to date, the Court should dismiss the Complaint against Gerrard.

DATED:  June 20, 2023　　　　　　　　　HARRIS ST. LAURENT & WECHSLER LLP
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　By:   /s/Andrew St. Laurent
　　　　　　　　　　　　　　　　　　　　　　 Andrew St. Laurent
　　　　　　　　　　　　　　　　　　　　　　 Evan W. Bolla
　　　　　　　　　　　　　　　　　　　　　　 40 Wall Street, 53rd Floor
　　　　　　　　　　　　　　　　　　　　　　 New York, NY 10005
　　　　　　　　　　　　　　　　　　　　　　 Tel: (212) 397-3370
　　　　　　　　　　　　　　　　　　　　　　 andrew@hs-law.com
　　　　　　　　　　　　　　　　　　　　　　 ewbolla@hs-law.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant David Neil Gerrard*

8