UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FARHAD AZIMA,<br>ALG TRANSPORTATION, INC.,<br>MAIN 3260 LLC,<br>FFV W39 LLC, and<br>FFV DEVELOPMENT LLC,<br><br>                Plaintiffs,<br><br>v.<br><br>DECHERT LLP,<br>DAVID NEIL GERRARD,<br>DAVID GRAHAM HUGHES,<br>NICHOLAS DEL ROSSO,<br>VITAL MANAGEMENT SERVICES, INC.,<br>AMIT FORLIT,<br>INSIGHT ANALYSIS AND RESEARCH LLC,<br>SDC-GADOT LLC,<br>AMIR HANDJANI,<br>ANDREW FRANK, and<br>KARV COMMUNICATIONS,<br><br>                Defendants. | Case No. 1:22-cv-08728 (PGG) (JW)<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' AMIT FORLIT, INSIGHT ANALYSIS AND RESEARCH, LLC,
AND SDC-GADOT, LLC'S MOTIONS TO DISMISS**

Dated: June 20, 2023

By: */s/ Christopher S. Salivar, Esq.*
    Christopher S. Salivar, Esquire
    Florida Bar No.: 57031

    CHRISTOPHER S. SALIVAR, P.L.L.C.
    301 West Atlantic Ave., Suite O-5
    Delray Beach, FL 33444
    Tel: (561) 628-8908
    Email: cssalivarattorney@gmail.com

By: */s/ Elan I. Baret, Esq.*
    Elan I. Baret, Esquire
    Florida Bar No.: 20676

i

BARET LAW GROUP, P.A.<br>
3999 Sheridan Street, 2nd Floor<br>
Hollywood, Florida 33021<br>
Tel: (954) 486-9966<br>
Facsimile: (954) 585-9196<br>
Email: elan@baretlawgroup.com

## **TABLE OF CONTENTS**:

    **Page**

1.  Want of Personal Jurisdiction (Amit Forlit)     1-6

## **TABLE OF CITATIONS:**

1.  *Uebler v. Boss Media, AB,*     2-3
    363 F. Supp. 2d 499, 503 (E.D. NY 2005)

Defendants Amit Forlit ("Forlit"), Insight Analysis and Research LLC ("Insight"), and SDC-Gadot LLC ("SDC-Gadot"), respectfully submit this brief Reply Memorandum of Law in support of their Motions to Dismiss the Complaint filed by Plaintiffs on October 13, 2022. Given Plaintiffs' response to the Motion to Dismiss, and their failure to establish that valid and cognizable causes of action have properly been pled, Defendants Insight and SDC-Gadot will rely upon their Motion as served. Defendant Forlit uses this Reply to argue in furtherance of his request for dismissal based upon a want of personal jurisdiction, and Plaintiffs' failure to proffer affidavits or support for their allegation that personal jurisdiction may be found to lie under New York's long arm statute.

## **WANT OF PERSONAL JURISDICTION (FORLIT)**

In their Response Memorandum, Plaintiff's assert in matter-of-fact fashion that Defendants Insight and SDC-Gadot are "alter egos" of Forlit, and therefore this Court possesses personal jurisdiction over Forlit. These assertions are made despite the fact that a) Forlit is a citizen of Israel, b) he has committed no activities in the State of New York which would give rise to jurisdiction under New York's long arm jurisdiction statute, and c) Plaintiff possesses documentary evidence (in the form of bank account statements) which directly disprove their own arguments.

As noted in the Motion to Dismiss, prior to initiating this action, Plaintiff AZIMA conducted a pre-suit fishing expedition under the guise of a 28 USC § 1782 action brought in the Southern District of Florida, using the action for the alternative purpose of obtaining pre-suit investigations, document discovery, and depositions, for purposes of crafting the Plaintiffs' current Complaint. In said proceeding, Insight and SDC-Gadot proffered Forlit as the entities' appointed representative for Rule 30(b)(6) depositions (conducted by Plaintiffs' current counsel, at a location in Tel Aviv, Israel), wherein Forlit affirmatively testified that neither he, nor any company he was affiliated with (Insight, SDC-Gadot, and Gadot Information Services) ever conducted any

1

investigation of Plaintiff AZIMA, b) neither he, nor any company he was affiliated with (Insight, SDC-Gadot, and Gadot Information Services) ever hacked, or paid a third party to hack, Plaintiff AZIMA, and c) that at all times Insight and SDC-Gadot were "wallet companies" that maintained bank accounts not for Forlit himself, but rather for the benefit of a non-party entity (Gadot Information Services, organized in Israel). See Exhibits "1" and "2" to Defendants Insight, SDC-Gadot, and Forlit's Motion to Dismiss

In response to Forlit's instant challenge as to a complete want of personal jurisdiction, Plaintiffs have failed to allege, <u>let alone support via evidence or proffer</u>, anything which establishes an action of Forlit which would subject him to personal jurisdiction in the Federal District Courts in and for the State of New York. As stated in *Uebler v. Boss Media, AB*, 363 F. Supp. 2d 499, 503 (E.D. NY 2005),

> For purposes of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of proving the court has personal jurisdiction over the defendants. *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir. 2001); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir. 1999). The precise burden borne by the plaintiff depends on the procedural posture of the case. Where, as here, the parties have not yet conducted discovery, the plaintiff may defeat such a motion by "pleading in good faith . . . legally sufficient allegations of jurisdiction, i.e., by making a 'prima facie showing' of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 184 (2d Cir. 1998) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir. 1990)). No evidentiary hearing or factual determination is required for this purpose. *Credit Lyonnais Sec. (U.S.A.), Inc. v. Alcantara,* 183 F.3d 151, 153 (2d Cir. 1999***). A plaintiff can meet this burden through his "own affidavits and supporting materials." Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981).***
>
> ***These materials should contain, "an averment of the facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant***." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). The court will view these facts in the light most favorable to the plaintiff. *See PDK Labs v. Friedlander,* 103 F.3d 1105, 1108; *A.I Trade Finance, Inc. v. Petra Bank,* 989 F.2d 76, 79-80 (2d Cir. 1993). When considering various affidavits and sworn declarations, the Court must construe them in the "light most favorable [**10] to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a

2

contravening presentation to the moving party." *A.I. Trade Finance, Inc. v. Petra Bank,* 989 F.2d 76, 79-80.

*See Id*. at 503 (emphasis added).

The sum total of Plaintiffs' alleged "support" for its allegations of the use of New York Banks in "money laundering" or "wire fraud" is contained within Plaintiff's Complaint Exhibit "A", a document created by the Plaintiff as a self-serving exemplar of alleged "criminal activity". Therein Plaintiffs identify a CitiBank account maintained by SDC-Gadot, and allege that it was used for numerous "money laundering" or "wire fraud" transactions.

However, the Plaintiff has known at all times that this account was set up, and registered with CitiBank, to SDC-Gadot <u>via an address in the State of Florida</u>. See Exhibit "1" attached hereto, which is a copy of CitiBank records for the SDC-Gadot account which **<u>Plaintiff AZIMA has at all times materially hereto already possessed</u>**. The opening and closing account statements for this CitiBank Account reflect a Florida address for SDC-Gadot of 13727 SW 152 St, Suite 649, Miami, FL 33177. The last time your undersigned checked, the City of Miami is not located within the geographical boundaries of the State of New York.

Moreover, Plaintiff's allegations as to the payments made or received by SDC-Gadot via this CitiBank account referenced in Exhibit "A" to the Complaint are wholly conclusory, and within the Complaint there is no specificity whatsoever where the sums identified were transferred or received, or even specific allegations as to the activities of the parties who received sums transferred from SDC-Gadot's CitiBank account. Of note, an entity named "Aviram-Hawk" is referenced in one (1) paragraph in the Complaint, wherein Plaintiffs state "Forlit used the funds Page transferred to him on behalf of the Enterprise to make payments to other hackers who were, upon information and belief, employed by the Enterprise." See Complaint at Paragraph 57. However, no allegation is made anywhere in the Complaint asserting that Aviram-Hawk actually

conducted or participated in any activity directed to the Plaintiffs, or which caused damages to the Plaintiffs. Certainly no allegations are made that Aviram-Hawk conducted activities in furtherance of the "conspiracy", or to assist the Enterprise, which took place within or were directed to New York, or which harmed the Plaintiffs' business or property within the State of New York. Another alleged recipient of funds is identified as "Fusion GPS", though reference is made in the Complaint only once as to this entity, in paragraph fifty-eight (58), with no specificity whatsoever as to what "Fusion GPS" allegedly did or perpetrated which constituted part of a RICO conspiracy, or how Plaintiffs were allegedly damaged based upon the unspecified conduct or actions of "Fusion GPS".

Plaintiffs' entire narrative simply spins fanciful allegations as to Forlit with no underlying substance or support, and moreover Plaintiffs have decided to ignore known facts, and to proffer outright misrepresentations of other known facts, in the hopes that their facially lacking allegations might pass a cursory examination. Plaintiff's argue that "Forlit cannot create a New York company, use a New York address, and move money through New York, and avoid consequences", despite knowing that Forlit did not create a New York company (SDC-Gadot is a Florida limited liability company, and Insight is a Florida limited liability company), and that SDC-Gadot's CitiBank account was not registered or located with a New York bank, but rather through CitiBank's Florida branches and with a registered address for SDC-Gadot located in Miami.

When viewed in totality, and with consideration for the deposition testimony which comprises the Exhibits provided with Insight, SDC-Gadot, and Forlit's instant Motion to Dismiss, the record before the Court shows a complete lack of activity which would subject Forlit to jurisdiction of the Courts of this State. This is the entire basis for Plaintiff's "spin" on "facts", and the conclusory and unsupported statement that Insight and SDC-Gadot were "alter egos" of Forlit.

The lack of attenuation to the State of New York is also highlighted by Plaintiffs' continuing argument that Forlit helped "direct the Enterprise's obstruction of justice scheme" by identifying allegedly "crafting" testimony (which Plaintiff alleges was presented to Courts in the United Kingdom, as well as Plaintiffs' conclusory allegation that Forlit filed false sworn statements in a Court located in the Southern District of Florida (which, last time your undersigned checked, is not within the geographical boundaries of the State of New York).

Within their Response Plaintiffs seek to cite to cases supporting a finding of personal jurisdiction under circumstances such as those alleged in the Complaint, but in actuality Plaintiffs cite to cases which are wholly inapplicable. One such clearly inapplicable decision is that found in *Antetokounmpo v. Inverso*, 2002 U.S. Dist. LEXIS 27281 (S.D. NY 2022), which does not stand for the proposition asserted by the Plaintiffs (i.e., that a single meeting occurring in the State of New York establishes jurisdiction therein under a Federal RICO claim). To the contrary, the support for the Court's holding therein was: "A defendant's operation of a highly interactive website that offers merchandise for sale to consumers in New York and shipment of such merchandise to New York sufficiently demonstrates the defendant's purposeful availment of the benefits of transacting business in New York." (Pltf. Br. (Dkt. No. 45) at 9-10 (citing New York. Rovio Ent., Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536 (S.D.N.Y. 2015))).". Nothing of the sort is alleged to have occurred in the instant matter, and the *Antetokounmpo* decision does not support the Plaintiffs' contentions herein.

In the Defendants' subject Motion to Dismiss relevant and applicable case authority addressing the need to establish long arm jurisdiction, and how such jurisdiction is established, has been cited and needs not be repeated herein. Based upon the record before the Court long arm jurisdiction under § 302(a)(1) does not lie, as Forlit at all times has been a non-resident of the State

of New York who has not conducted business within the State of New York, and his only alleged connection to the State of New York is the Plaintiff's fabricated allegation that he is an "alter ego" of companies that were formed to act as payment processors for a separate Israeli company (Gadot Information Services). Having refuted this allegation via sworn testimony which remains unrebutted by the Plaintiff, the Complaint and this action must be dismissed as to Defendant Forlit.

Dated this 20th day of June, 2023.

By: */s/ Christopher S. Salivar, Esq.*
Christopher S. Salivar, Esquire
Florida Bar No.: 57031

CHRISTOPHER S. SALIVAR, P.L.L.C.
301 West Atlantic Ave., Suite O-5
Delray Beach, FL 33444
Tel: (561) 628-8908
Email: cssalivarattorney@gmail.com

By: */s/ Elan I. Baret, Esq.*
Elan I. Baret, Esquire
Florida Bar No.: 20676

BARET LAW GROUP, P.A.
3999 Sheridan Street, 2nd Floor
Hollywood, Florida 33021
Tel: (954) 486-9966
Facsimile: (954) 585-9196
Email: elan@baretlawgroup.com