**Miller & Chevalier**

Kirby D. Behre
Member
(202) 626-5960
kbehre@milchev.com

February 5, 2024

VIA CM/ECF

Hon. Jennifer E. Willis
United States District Court
  for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Azima, et al. v. Dechert LLP, et al.*, 1:22-CV-08728-PGG-JW; Notice of Supplemental Authority and Notice of Recent Development

Plaintiffs respectfully submit this notice to bring to the Court's attention: (1) the supplemental authority of *Yegiazaryan v. Smagin*, 599 U.S. 533 (2023), which was issued after briefing was complete on Defendants' Motions to Dismiss and (2) the recent development of settlement between Defendants Dechert LLP and Neil Gerrard (collectively, "Dechert") and Plaintiff Azima regarding litigation in the U.K.

## Notice of Supplemental Authority: *Yegiazaryan v. Smagin*, 599 U.S. 533 (2023)

In *Yegiazaryan*, the Supreme Court held that the plaintiff in a civil Racketeer Influenced and Corrupt Organizations Act (RICO) case stated a viable cause of action even though the claim was premised on litigation conduct by defendants. Ex. 1. According to the *Yegiazaryan* complaint, the RICO defendants employed several schemes in a California federal court proceeding to enforce a foreign arbitration award, including "submitting a forged doctor's note to a California District Court" and "intimidating a U.S.-based witness." 599 U.S. at 545.

Both *Yegiazaryan* and the scheme alleged in the complaint in this case (the "Complaint") focus on a pattern of witness tampering and obstruction intended to frustrate ongoing U.S. legal actions that caused an injury to the plaintiff's money or property in the U.S. In fact, if anything, the conduct the Supreme Court held was sufficient to state a RICO claim in *Yegiazaryan* falls well below the conduct alleged in this Complaint. *Yegiazaryan*'s approval of a RICO claim premised on obstructive litigation tactics in federal court – the forging of a doctor's note to avoid a contempt order and the alleged intimidation of the doctor subpoenaed to testify about the falsified note – is fundamentally inconsistent with Defendants' arguments in this matter that "litigation activities" are somehow immune from scrutiny in a RICO case. *See, e.g.*, ECF No. 156 at 28.

February 5, 2024
Page 2

**Notice of Recent Development Regarding Settlement Terms for Partial Settlement in the U.K.**

Also attached is Dechert's Part 36 Offer made in the U.K. proceedings pursuant to U.K. law to settle the U.K. portion of its dispute with Azima. Ex. 2. Azima accepted the settlement as Dechert drafted it. Under the terms of the settlement, which does not include any provision for settlement of the pending U.S. claims, Dechert is set to pay in excess of $15 million to Azima.

Dechert is also now contractually obligated under the U.K. settlement to not oppose Azima's application to set aside the 2020 U.K. judgment in *Azima v. RAKIA*. *Id.* ¶ 7. Azima's set aside application alleges that the earlier U.K. judgment and the related forum selection clause were procured by fraud. With Dechert's agreement to withdraw opposition to that motion, Mr. Azima's position that the earlier U.K. judgment should be vacated as the result of a fraud on the U.K. courts is now unopposed.

The recent U.K. settlement agreement is relevant here because it undermines several of Defendants' arguments in their motions to dismiss. First, the U.K. settlement agreement eliminates any ground for deferring to the U.K. proceeding for reasons of "comity," *see* ECF No. 156 at 14-18, as there are no longer any U.K. proceedings involving any of the Defendants here, and Plaintiff could not file a fresh complaint against these Defendants in the U.K. Second, the U.K. settlement does not concern or even mention the U.S. proceedings and does not purport to settle this case or any other U.S. case. Third, the remaining portion of the U.K. case involves only a single remaining defendant (who is not a party here) and a claim for injuries suffered by Azima solely with respect to the 2015 hacking. It does not seek any recovery for recent injuries to money and property suffered by Azima in the U.S. that were proximately caused by later U.S. racketeering activity committed by Defendants in this case.

Finally, because Dechert has agreed in the U.K. settlement not to oppose setting aside of the fraudulent U.K. judgment, any reliance on or characterizations of that judgment should be withdrawn from its pleadings before this Court. *See, e.g.,* ECF Nos. 138 at 1-2, 143 at 2-3, 152 at 2-3, 156 at 1. While Plaintiffs do not believe such arguments ever were proper, certainly now Defendants cannot continue to make these arguments in good faith.

For the foregoing reasons, Plaintiffs respectfully submit the attached documents to the extent that they are helpful to the Court in resolving Defendants' Motions to Dismiss.

Respectfully submitted,

Kirby D. Behre

cc: All Counsel of Record (via CM/ECF)