# EXHIBIT 2

Fifth floor, 1 Tudor Street, London, EC4Y 0AH

Tel: +44 (0)20 3837 1700
Fax: +44 (0)20 3837 1720

www.enyolaw.com



**Burlingtons Legal LLP**

Direct line: +44 (0)203 837 1610
edward.allen@enyolaw.com

By email

4 October 2023

**Dechert and Mr Gerrard's Part 36 offer**
**Without prejudice save as to costs**
**Private and confidential / not for publication**

Dear Sir/Madam

**RAS AL KHAIMAH INVESTMENT AUTHORITY[1] v FARHAD AZIMA v (1) NEIL GERRARD (2) DECHERT LLP & (3) JAMES BUCHANAN[2] - Case No. HC-2016-002798[3]**

**Introduction**

1.  We write in relation to the above-referenced Azima Proceedings.

2.  The terms of this letter have been approved by Mr Gerrard, and the Part 36 offer is made on behalf of both Dechert and Mr Gerrard.

3.  The Azima Proceedings comprise the:

    (1)  "**Hacking Counterclaim**" issued against RAKIA and the Additional Defendants in relation to which the relief sought is set out in paragraphs 166 to 178 of Mr Azima's Re-Re-Re-Amended Counterclaim and Claim Against the Additional Parties.[4]

    (2)  "**Set Aside Counterclaim**" issued against RAKIA alone in relation to which the relief sought is set out in paragraphs 266 to 269 and the prayer for relief of the RRRACC.

4.  We are authorised by Dechert and Mr Gerrard to make Mr Azima an offer to settle the entirety of the Hacking Counterclaim under Part 36.[5] No offer is made in relation to the Set Aside Counterclaim, which does not seek relief against Dechert or Mr Gerrard.

5.  The P36 Offer is made pursuant to Part 36 of the Civil Procedure Rules and is intended to be a defendant's Part 36 offer. Therefore, Dechert and Mr Gerrard will be liable for Mr Azima's costs in accordance with CPR 36.13 if the P36 Offer is accepted within 21 days.

---

[1]  "**RAKIA**"
[2]  Together the "**Additional Defendants**"
[3]  "**Azima Proceedings**"
[4]  "**RRRACC**"
[5]  "**P36 Offer**"

Enyo Law LLP is a limited liability partnership registered in England and Wales (registered number OC356313).
A list of members is available for inspection at the registered office, 1 Tudor Street, London, EC4Y 0AH.
Authorised and regulated by the Solicitors Regulation Authority (548866).

ENYO LAW

**Terms of the P36 Offer**

6. Dechert and Mr Gerrard are willing to settle the Hacking Counterclaim on the following terms:

    (1) Dechert and Mr Gerrard to pay Mr Azima within 14 days of acceptance of the P36 Offer, the sum of £3 million in full and final settlement of the Hacking Counterclaim.[6]

    (2) The Settlement Sum includes all financial remedies sought by Mr Azima at paragraphs 166 to 174 of his RRRACC (i.e. pecuniary losses, non-pecuniary losses, exemplary damages, disgorgement and interest).

    (3) The Settlement Sum does **not** include costs and, as mentioned above, Dechert and Mr Gerrard will pay Mr Azima's costs on the standard basis, to be assessed if not agreed, up to the date of notice of acceptance if the P36 Offer is accepted within the relevant period.

    (4) With regard to the forms of injunctive relief sought by Mr Azima:

        (1) Dechert agrees *"to take all reasonable steps to remove or procure the removal of the websites, torrents, WeTransfer links or other internet sources containing statements about Mr Azima, and/or providing means for his private data to be accessed by others"*.

        (2) Dechert also agrees to take reasonable steps *"to deliver up or destroy all copies of his private data in their or their agents' possession"* to the full extent permitted by law.

        (3) Dechert does **not** agree *"to disclose the full extent of such hacking and the parties involved therein including pursuant to Norwich Pharmacal jurisdiction so that Mr Azima may vindicate his rights as against any such additional wrongdoers"*. To the extent Mr Azima does not accept this P36 Offer, any consideration will be after trial at which Dechert and Mr Gerrard will have provided proper disclosure, which Mr Azima will have had an opportunity to challenge. That will have provided all the information about the hacking which Dechert and Mr Gerrard have been able to uncover after an exhaustive and conscientious disclosure exercise specifically designed to cover this exact issue, and neither Dechert nor Mr Gerrard will make any further searches.

    (5) With regard to the relief sought in relation to the orders of Deputy Judge Lenon set out in paragraph 178 of the RRRACC, this form of relief is sought against RAKIA alone, and so could not, and does not, fall within the scope of the P36 Offer.

**Set Aside Counterclaim**

7. If the P36 Offer is accepted prior to trial, with regard to the Set Aside Counterclaim:

    (1) Dechert and Mr Gerrard will not oppose (a) Mr Azima's application for permission to appeal, or if granted, any substantive appeal of Mr Justice Michael Green's judgment of 21 August 2023[7], and/or (2) any fresh or renewed application issued by Mr Azima against RAKIA for default judgment of the Set Aside Counterclaim.

---

[6] "**Settlement Sum**"
[7] [2023] EWHC 2108 (Ch)

2

ENYO LAW

    (2)    Dechert and Mr Gerrard will withdraw their pleaded cases opposing the setting aside of the Lenon Judgment.

**Failure to accept the P36 Offer**

8.    If Mr Azima does not accept the P36 Offer and fails to do better than the P36 Offer at trial, Dechert and Mr Gerrard intend to rely on CPR 36.17. In those circumstances, they will be seeking an order that Mr Azima pays their costs from the date when the relevant period expires and interest on those costs.

9.    If you consider the P36 Offer to be in any way defective or non-compliant with Part 36, please let us know by return.

Yours faithfully

*Enyo Law LLP*

**Enyo Law LLP**

**c.c.**    Charles Fussell & Co