

# Law Offices of
# Elan I. Baret, P.A.

Elan I. Baret, Esq.  
Christopher S. Salivar, Esq.

3999 Sheridan Street, 2ND Floor  
Hollywood, Florida 33021

Tel: (954) 486-9966  
Fax: (954) 585-9196

www.BaretLawGroup.com

March 11, 2024

**Via ECF**:

The Honorable Jennifer Willis  
United States District Court  
Southern District of New York  
40 Foley Square, Room 228  
New York, NY 10007

    *Re: Farhad Azima, et al. v. Dechert LLP, et al.,* Civil Case No. 22-cv-8728 (PGG)

Dear Judge Willis,

    On behalf of named Defendants INSIGHT ANALYSIS AND RESEARCH, LLC (hereinafter "INSIGHT"), SDC-GADOT, LLC (hereinafter "SDC-GADOT"), and AMIT FORLIT (hereinafter "FORLIT"), your undersigned hereby requests that the Court consider the following as a written submission of the oral argument your undersigned intended to provide during the March 11, 2024 hearing before the Court.

1. **INSIGHT and SDC-GADOT**:
    a. **Both Florida companies never conducted business in New York.**
        i. Per DE 47-1 at Pg 13, Par 1 through 12, FORLIT testifies that both INSIGHT and SDC-GADOT were "wallet companies" established to facilitate the payment of monies to Gadot Information Services (Israel) from a payer located in Dubai.
        ii. The companies never had employees. See DE 47-2, at Pg. 40, Par. 8 through 19.
        iii. INSIGHT never conducted any business in the United States. See DE 47-2, Pg. 22, Par. 21 through 22.

- b. **Both Florida companies had bank accounts opened and maintained in Florida, not New York**:
    - i. See DE 47-2, Pg. 62, Par. 5 through 21 as to INSIGHT.
    - ii. See DE 146-1 as to SDC-GADOT.
- c. **SDC-GADOT's "New York" business address was the residence address of a friend of FORLIT, not an actual business address in New York.**
    - i. See DE 47-1, Pg. 69, Par. 18 through Pg. 70, Par. 21.
- d. **INSIGHT has never conducted business in the United States (so no business in New York).**
    - i.
- e. **No alleged applicable predicate acts directed to, or occurring in, New York.**
    - i. None of the allegations as to INSIGHT or SDC-GADOT identify any actual predicate act committed in, or directed to, the forum state of New York. And as shown in DE 146-1, SDC-GADOT's CitiBank account was opened in, maintained in, and then closed in, Florida (even though after it was opened in Florida FORLIT was at all times located in Israel). INSIGHT never conducted business in the United States.  See DE 47-2, Pg. 22, Par. 21 and 22.  And FORLIT only came to New York one (1) time to meet with James Buchanan for a reason wholly unrelated to the allegations in the Complaint.  See DE 47-2, at Pg. 69, Par. 23 through Pg. 71, Par. 6.
    - ii. Wire fraud requires an attempt to defraud the recipient of the communication to obtain his/her/its property, which is not alleged anywhere in the Complaint. *See Targum v. Citrin Cooperman* & Co, LLP, 2013 U.S. Dist. LEXIS 164585 (S.D. NY 2013) ("First, "[t]he elements of mail or wire fraud are (i) a scheme to defraud (ii) to get money or property, (iii) furthered by the use of interstate mail or wires.")

2. **FORLIT:**
    - a. **Forlit is not a United States Citizen.**
        - i. See DE 47-1, Pg. 11, Par. 19.
    - b. **Forlit does not live anywhere in the United States.**
        - i. See DE 47-1, Pg. 74, Par. 7 through Pg. 75, Par. 15.
    - c. **Forlit met with James Buchanan <u>one (1) time in New York</u>, to relay information about alleged extortion of Stuart Page, not pertaining to anything alleged in the Complaint.**
        - i. See DE 47-2, at Pg. 69, Par. 23 through Pg. 71, Par. 6.
    - d. **FORLIT, INSIGHT, and SDC-GADOT never conducted any investigation of Farhad Azima**.
        - i. See DE 47-1, Pg. 184, Par. 16 through 21; See DE 47-1, Pg. 14, Par. 2 through 24.
    - e. **FORLIT has never performed any work in the United States.**
        - i. See DE 47-1, Pg. 81, Par. 1 through 16; See DE 47, Pg. 82, Par. 2 through 9; See DE 47-1, Pg. 88, Par. 21 through 25; See DE 47-2, Pg. 22, Par. 21 through 23.

      **f. There are no factual allegations as to any business conducted by, or tort committed by, FORLIT in New York.**

      **g. There are not even allegations in the Complaint as to where the alleged "hacking" occurred, or any property or business interest of the Plaintiffs which were the subject of any RICO activities in New York.**

A RICO Plaintiff must rely upon a State's long arm statute to establish jurisdiction over a foreign Defendant.  *See Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 343 (S.D. NY 2015).

"New York's long-arm statute permits personal jurisdiction over non-New York domiciliaries based upon four distinct circumstances. A court may exercise personal jurisdiction over a non-domiciliary who, "in person or through an agent:" (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state;" (2) "commits a tortious act within the state[;]" (3) "commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial review from interstate or international commerce;" or (4) "owns, uses or possesses any real property situated within the state." N.Y. CPLR § 302(a)." *See AmTrust Fin. Servs. v. Lacchini*, 260 F. Supp. 3d 316, 330 (S.D. NY 2017).

In addressing relevant jurisdictional allegations as to injury in the forum jurisdiction, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." Walden, 134 S. Ct. at 1125. That is because "mere injury to a forum resident is not a sufficient connection to the forum. . . . [A]n injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." Id. Put differently, a defendant's actions in one forum do not create sufficient contacts with another forum merely because the defendant "allegedly directed his conduct at plaintiffs whom he knew had . . . connections" to the other forum. Id." *See AmTrust Fin. Servs. v. Lacchini*, at 332-333.

As set forth in DE 47 and 146, personal jurisdiction is completely wanting as to AMIT FORLIT, as the Complaint fails to allege facts sufficient to establish personal jurisdiction over AMIT FRORLIT who at all times has been a non-citizen and non-resident of the United States of America who has in fact been a citizen and resident of Israel.  Furthermore, the Complaint fails to allege an actionable RICO claim against INSIGHT, SDC-GADOT, or AMIT FORLIT.

                                                               Respectfully submitted,

                                          By: */s/ Elan I. Baret, Esq.*
                                                Elan I. Baret, Esquire
                                                Florida Bar No.: 20676

                                          By: */s/ Christopher S. Salivar, Esq.*
                                                Christopher S. Salivar, Esquire
                                                Florida Bar No.: 57031

                                        **BARET LAW GROUP, P.A.**
3999 Sheridan Street, 2nd Floor
Hollywood, Florida 33021
Tel: (954) 486-9966
Facsimile: (954) 585-9196
Email: elan@baretlawgroup.com
        cs@baretlawgroup.com

cc: All counsel of record via CM/ECF