**Miller & Chevalier**

Timothy P. O'Toole
Member
(202) 626-5552
totoole@milchev.com

March 13, 2024

**Via CM/ECF**

Hon. Jennifer E. Willis
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square New York, NY 10007

    Re:   *Azima, et al. v. Dechert LLP*, et al., 1:22-CV-08728-PGG-JW;
            **Notice of Supplemental Authority**

Dear Judge Willis:

We represent the Plaintiffs in the above-captioned action, and we write to provide supplemental authority stemming from the oral argument on March 11, 2024 regarding Defendants' Motions to Dismiss.

The court invited counsel to provide support for the proposition that a plaintiff in a RICO[1] lawsuit can recover legal fees resulting from racketeering acts that obstructed or interfered with litigation initiated by the plaintiff. As Plaintiff argued during the hearing, *Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229, 252 (S.D.N.Y. 2012) allowed such recovery related to Section 1782 suits that were brought by the plaintiff. Ex. A. The following cases also support the proposition that such legal fees are recoverable:

- *D'Addario v. D'Addario*, 901 F.3d 80 (2d. Cir. 2018) (plaintiff who filed "various actions" to "to enforce her rights and halt [the RICO conspirators' unlawful acts]" allowed to recover legal fees, noting that this Circuit has "long recognized that a plaintiff may recover legal fees . . . incurred in one or more attempts to combat a defendant's RICO violations through the legal system."). Ex. B.

- *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, No. 12 CIV. 5754, 2012 WL 5462611, at *8 (S.D.N.Y. Nov. 9, 2012) (plaintiff has "standing to pursue a RICO claim for the attorneys' fees it ha[d] expended" attempting to collect a judgement). Ex. C.

- *Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1167 (2d Cir. 1993) (plaintiff may recover legal fees incurred in attempting to collect on a judgement where RICO conspirators attempted to frustrate collection). Ex. D.

---

[1] The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968.

- *Bankers Tr. Co. v. Rhoades*, 859 F.2d 1096, 1105 (2d Cir. 1988) (creditor plaintiff who moved to overturn fraudulent bankruptcy plan permitted to recover legal fees incurred and noting ongoing damages like legal fees "frequently result from the very nature of a RICO violation"). Ex. E.

*Bankers Tr. Co. v. Rhoades*, 859 F.2d at 1105 addressed in detail how a plaintiff's legal fees can properly constitute damages in a RICO case when they are the proximate consequence of Defendants' racketeering activity. This rule is "well-settled." *See also Chevron*, 871 F. Supp. 2d at 253 n.130 (quotation omitted). In other words, the question of whether legal fees can be recovered is not a question of who initiated the litigation, but rather a question of whether the "adversary proceeding, with its attendant costs, may be viewed as an expected and natural consequence of the type of conduct allegedly engaged in by [the RICO conspirators]." *First Cap. Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 383 (S.D.N.Y. 2002).

Here, based on the allegations in the Complaint, it was entirely foreseeable that Plaintiffs would initiate litigation to fight the enterprise's schemes to defraud them through fraudulent foreign litigation, obstruction of a grand jury proceeding, and negative media campaign.

Plaintiffs have not been able to find another case where an enterprise took the unusual step of targeting both their own clients and enemies of their clients, like the Enterprise did here. However, "it is well established . . . that a plaintiff seeking recovery need not allege that he or she was the defrauded party. The plaintiff need only allege that a fraud was perpetrated with the intent and effect of causing injury to the plaintiff's money or property." *Guzman v. Hecht*, No. 18 CIV. 3947, 2019 WL 1315888, at *7 (S.D.N.Y. Mar. 22, 2019); *see also United States v. Greenberg*, 835 F.3d 295, 305 (2d Cir. 2016). The Complaint clearly alleges that the schemes to defraud were perpetrated with the intent and effect of causing injury to Mr. Azima and his businesses, the Plaintiff Entities.

Sincerely,

Timothy P. O'Toole

cc:   Counsel of Record (Via CM/ECF)