# Miller & Chevalier

**Timothy P. O'Toole**
Member
(202) 626-5552
totoole@milchev.com

March 26, 2024

<u>**Via CM/ECF**</u>

Hon. Jennifer E. Willis
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square New York, NY 10007

>    **Re:**   ***Azima, et al. v. Dechert LLP**, et al., 1:22-CV-08728-PGG-JW;*
>           **Notice of Change in Circumstances**

Dear Judge Willis:

   We write to notify the Court that a court ruling repeatedly referenced by Dechert's counsel in briefing and during oral argument has been overturned.  Specifically, the U.K. High Court of Justice (the "High Court") yesterday set aside a judgment that was fraudulently obtained against Plaintiff Azima in *Ras Al Khaimah Invest. Auth. v. Farhad Azima*, [2020] EWHC 1327, Case No. HC-2016-002798.

   The now-vacated judgment has been the subject of repeated arguments by Defendants, particularly Dechert.  In their motion to dismiss briefing, and repeatedly during oral argument hearings, Dechert used the fraudulently obtained judgment against Mr. Azima to disparage him, and urged the Court to rely on it as evidence that Plaintiffs' RICO claims were insufficient and untrustworthy.  They argued that this now-vacated judgment had been "conclusively determined," and that the Court could therefore rely on it.  Tr. of Oral Arg. 13:20, Feb. 8, 2024.  Plaintiffs, by contrast, cautioned that the U.K. judgment was fraudulent both in fact and as alleged in the Complaint.  Now, finally, the truth has come to light—Defendants Dechert and Gerrard were the real fraudsters.  As Plaintiffs' Complaint correctly alleged, Mr. Azima was induced into the litigation in the U.K., and the High Court found Dechert and their co-conspirators fraudulently obtained a judgment against him.  *See* Ex. 1 at 84:4-7 ("[I]t seems to me that this is, as you say, an egregious case and it has had the somewhat extraordinary consequence that they obtained judgments by fraud."); *see also* Ex. 2 (Order of J., Michael Green).

   This ruling adds significant credibility to the Complaint.  As alleged there, the RICO Enterprise induced Mr. Azima to settle a stale commercial dispute with Dechert's client, Ras Al-Khaimah.  Compl. ¶ 62.  Dechert and Gerrard drafted the agreement with the intent to trap Mr. Azima in litigation in the U.K. High Court of Justice. *Id.* ¶ 63.  Dechert stole and used Mr. Azima's confidential documents and emails, including communications between Mr. Azima and his attorney discussing the proposed settlement. *Id.*  They then used Mr. Azima's hacked documents against him to litigate the High Court action and obtain a judgment against him in order to damage

him and his businesses.  *Id.* ¶¶ 63-64.  These allegations are consistent with the High Court's reasoning for rescinding the judgment against Mr. Azima, which noted the bogus case against him was "egregious."  Ex. 1 at 84:4-7.

The U.K. finding also makes this action even more analogous to *Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229 (S.D.N.Y. 2012), where a similar RICO complaint was prosecuted and upheld.  Just like this case, *Donziger* centered on a fraudulently obtained foreign judgment resulting in litigation in the United States.  *Id.* at 235.  But there, the allegedly fraudulent judgment was still valid in the foreign jurisdiction.  Indeed, it was upheld by the foreign court while motions to dismiss were being litigated.  *Id.* at 235 n.1.  Here, Plaintiffs are in an even stronger position than *Donziger* because there is no need for U.S. courts to question the validity of a foreign judgment:  the foreign court has done that itself, actually vacating the original judgment on the ground that it was obtained fraudulently.

The U.K. Court's finding also undercuts the credibility of Defendants' arguments.  As Plaintiffs alleged in the Complaint, Compl. ¶ 61, a centerpiece of Defendants' original plan to harm Plaintiffs was to embroil Mr. Azima in fraudulent litigation in the U.K.  In keeping with this plan, the fraudulent judgment against Azima has been one of Defendants' major avenues to attack the Complaint.  They have consistently tried to use the fraudulent judgment they obtained against him to paint Mr. Azima as a fraudster and serial litigant.  Defendants, indeed, highlighted the judgment against Azima in the *very first paragraph* of their Omnibus Motion to Dismiss.  *See* ECF No. 156 at 1.  This finding also undermines Dechert and Gerrard's argument that the forum selection clause in the fraudulently induced settlement should force a dismissal of Mr. Azima's RICO claims.  *See* ECF No. 143 at 1-6; ECF No. 152 at 2-10.  This Circuit has long recognized that a forum selection clause will not be enforced if there is "a sufficiently strong showing . . . the clause was invalid for such reasons as fraud or overreaching."  *Phillips v. Audio Active Ltd.,* 494 F.3d 378, 383-84 (2d Cir. 2007).

Now that this pillar of their plan to target Mr. Azima has been exposed for the fraudulent effort that it truly was, the Court should disregard these arguments along with Defendants' scurrilous allegations.  Mr. Azima's allegations as to the fraudulent nature of that U.K. judgment are not just plausible, they have now been fully credited by the U.K. courts.

Respectfully,

Timothy P. O'Toole

cc:     Counsel of Record (Via CM/ECF)