**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0889
DIRECT EMAIL     shecker@kaplanhecker.com

March 29, 2024

**BY CM/ECF**

Honorable Jennifer E. Willis
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:    *Azima, et al. v. Dechert LLP, et al.*, 1:22-CV-08728-PGG-JW

Dear Judge Willis:

We write on behalf of all Defendants in response to Plaintiffs' March 26, 2024, Notice of Change in Circumstances (the "Notice"), *see* ECF No. 186. Plaintiffs' Notice grossly misstates the substance and relevance of the U.K. High Court's decision (the "Order") in five ways.

*First*, the U.K. High Court's Order was an administrative judgment that made no assessment of the merits of Plaintiff Azima's counterclaim for recission (the "Recission Counterclaim") of the May 2020 judgment (the "May 2020 Judgment"), *Ras Al Khaimah Inv. Auth. v. Azima* [2020] EWHC 1327 (Ch). Rather, the U.K. High Court, taking the allegations of the Recission Counterclaim as true (as it was required to do), held only that RAKIA had defaulted on the Recission Counterclaim by withdrawing from the case and granted the relief Azima sought. *See* Notice Ex. 1 at 8:14-25, 10:15-11:4 (taking Azima's allegations "as read"). Thus, the U.K. High Court did not address the merits of the May 2020 Judgment finding that Plaintiff Azima had engaged in fraud and bribery against RAKIA on the basis of Azima's authentic documents.

*Second*, the Order related to RAKIA alone; Defendants here were not parties to the application, participants in the hearing, or subjects of the Order. *See* Notice Ex. 2 at 4 (noting settlement with respect to Second and Third Counterclaim Defendants [Dechert and Gerrard] regarding Azima's hacking counterclaim—not the Recission Counterclaim—and Azima's application "for default judgment against RAKIA"). The Order therefore has no bearing on Dechert's, Gerrard's, or any other Defendant's liability, and accordingly the Notice's statement that the Court found "Dechert and Gerrard were the real fraudsters" is simply false. Notice at 1.

*Third*, the Order likewise made no finding that the 2016 settlement agreement between Azima and RAKIA was a sham, or, as the Notice puts it, a "trap." *Id.* at 1. As a result, the Order does not, as the Notice suggests, "undermine[] Dechert and Gerrard's argument that the forum selection clause [in the Settlement Agreement] should force a dismissal of Mr. Azima's RICO claims." *Id.* at 2. Moreover, even taking the Complaint's allegations as true, as argued in Dechert's briefs, Azima failed to allege that "the forum selection clause itself was the product of fraud,"

KAPLAN HECKER & FINK LLP

2

rather than general allegations regarding the Settlement Agreement, and that alone is fatal to his argument that the forum selection clause should not apply here. *Bluefire Wireless, Inc. v. Cloud9 Mobile Commc'ns, Ltd.*, 2009 WL 4907060, at *3 (S.D.N.Y. Dec. 21, 2009).

*Fourth*, Plaintiffs yet again attempt to shoehorn this case into *Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229 (S.D.N.Y. 2012). The question before Judge Kaplan in *Chevron* was not simply whether Chevron had stated a RICO claim against Donziger, but whether or not the foreign judgment was enforceable in the United States. *See Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 641-42 (S.D.N.Y. 2014). Defendants here are not seeking to enforce the May 2020 judgment; indeed, none of the Defendants are even parties to the U.K. judgment. Thus, *Chevron* cannot save Plaintiffs' claims.

*Finally,* and most critically, none of Defendants' legal arguments about the profound infirmities of Plaintiff's novel and attenuated RICO claim turn on the May 2020 Judgment. All of Defendants' arguments for dismissal are based on the allegations of the Complaint and the governing law in this Circuit; Defendants cited to the findings by the U.K. High Court after trial that Azima engaged in fraud, bribery and corruption in order to provide the Court with relevant background information. *See, e.g.*, ECF No. 156 at 1, 8 (referring to May 2020 judgment only in "Preliminary Statement" and "Plaintiffs' Allegations" sections). In the end, Plaintiffs' strained RICO claim must fail for the slew of reasons outlined in Defendants' briefs and at oral argument. The U.K. courts' administrative process around the Order has literally no effect on any those arguments.

Respectfully submitted,

Sean Hecker