# Miller & Chevalier

Timothy P. O'Toole
Member
(202) 626-5552
totoole@milchev.com

April 5, 2024

**Via CM/ECF**

Hon. Jennifer E. Willis
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square New York, NY 10007

    Re:   *Azima, et al. v. Dechert LLP*, et al., 1:22-CV-08728-PGG-JW;
           Response to Defendants' March 29, 2024 Filing

Dear Judge Willis:

    We reluctantly write to respond to the accusation that Plaintiffs mispresented a judgment in the U.K., which was cited by Dechert and others in their filings to the Court.

    On March 26, 2024, Plaintiffs notified Your Honor that the U.K. High Court had set aside a judgment that was fraudulently obtained against Plaintiff Azima in *Ras Al Khaimah Investment Authority v. Farhad Azima,* [2020] EWHC 1327, Case No. HC-2016-002798.  Plaintiffs' notice was the result of the fact that Defendants had repeatedly relied on that judgment that was procured by fraud in its motion to dismiss, and in their arguments in support.  Indeed, the judgment that has now been set aside was a centerpiece of Defendants' Motions to Dismiss.  Defendants opened their omnibus motion to dismiss brief by describing the U.K. judgment, ECF No. 156 at 1, 8, and led their February 2024 oral argument with the same discussion, Feb. 8, 2024 Tr. at 12:10-24.

    On March 29, 2024, Dechert filed a response, attempting to minimize the import of the U.K. ruling, and claiming that Plaintiffs' notice "grossly misstates the substance and relevance" of the U.K. court's ruling.  But tellingly, Dechert ignores the most important part of the ruling from the U.K. court:  "[T]his is, as you say, an egregious case and it has had the somewhat extraordinary consequence that they obtained judgments by fraud."  *See* ECF No. 186-1.  The "they" refers to RAKIA and Dechert, who represented RAKIA in the fraudulent case.

    Dechert attempts to trivialize this remarkable finding that Dechert and RAKIA perpetrated a fraud on the U.K. court, characterizing the ruling as a mere "administrative" order pertaining only to some irrelevant collateral matter.  The reversal of the U.K. judgment because it was fraudulently obtained (by Dechert on behalf of its client) should, according to Dechert, have "no bearing" on the current proceedings.  Dechert's characterization of the U.K. order is inaccurate.  The U.K. Court not only vacated the fraudulently obtained judgment but also ordered exemplary damages.  The decision was unopposed because Dechert settled the case against Mr. Azima and

specifically agreed not to oppose the application to set aside the fraudulently obtained judgment, *see* ECF No. 174, Ex. 2, and RAKIA decided to default rather than stand trial.

The U.K. legal community and media clearly do not view this ruling as trivial or irrelevant. For example, The Times of London, after reviewing the U.K. judgment and speaking with representatives of the parties, summarized the U.K. developments this way:

> Now [the U.K. Court] has applied the coup de grâce to the dispute in England — but he has given Dechert and its client one more kick. The judge ordered that three previous judgments obtained against Azima must be set aside on the basis that they had been obtained by "fraud."

Jonathan Ames, *Final Curtain in Drawn-Out 'Hacking' Saga*, The Times (Apr. 4, 2024), https://www.thetimes.co.uk/article/final-curtain-in-drawn-out-hacking-saga-035zg5m0l) (Ex. A); *see also* Raphael Satter, *US Executive Gets UK Judgments Thrown Out After Showing Hackers Swayed His Case*, Reuters (Apr. 1, 2024), https://www.reuters.com/world/uk/us-executive-gets-uk-judgments-thrown-out-after-showing-hackers-swayed-his-case-2024-04-01/ (Ex. B).

Contrary to Dechert's filing, the U.K. court's ruling is both noteworthy and relevant to these proceedings. Indeed, the Complaint itself alleges that the judgment was fraudulently obtained, *see* Compl. ¶¶ 69-72, and a U.K. court has now agreed. Defendants built their Motions to Dismiss in part around the judgment that the U.K. Court itself has now ruled was obtained by fraud. This ruling by the U.K. court further exposes the weaknesses of those Motions.

Respectfully,

*/s/ Timothy P. O'Toole*

Timothy P. O'Toole

cc: Counsel of Record (Via CM/ECF)