

# LAW OFFICES OF
## ELAN I. BARET, P.A.

ELAN I. BARET, ESQ.  
CHRISTOPHER S. SALIVAR, ESQ.

3999 SHERIDAN STREET, 2ND FLOOR  
HOLLYWOOD, FLORIDA 33021

TEL: (954) 486-9966  
FAX: (954) 585-9196

WWW.BARETLAWGROUP.COM

---

May 7, 2024

**Via ECF**:

The Honorable Jennifer Willis  
United States District Court  
Southern District of New York  
40 Foley Square, Room 228  
New York, NY 10007

    Re: *Farhad Azima, et al. v. Dechert LLP, et al.,* Civil Case No. 22-cv-8728 (PGG)

Dear Judge Willis,

    On behalf of named Defendant AMIT FORLIT, your undersigned hereby requests that the Court strike DE # 189, as the filing not only constitutes an impermissible attempt to discredit a party opponent with inadmissible hearsay materials (doing so outside of the context of an evidentiary hearing or trial), but it bears no relevancy whatsoever to the current status of these proceedings, where the Court is not considering testimony provided by any party on any matter currently pending, oral argument on filed and briefed Motions to Dismiss has closed, and the filing does not constitute in any perceptible sense of the term "supplemental authority" for the Court to consider.

    Firstly the entirety of the filing is inadmissible hearsay, as it identifies **_alleged charges_** pending in an unidentified United States jurisdiction as underpinning the detention and release of AMIT FORLIT in the United Kingdom. Under the Federal Rules of Evidence unless and until any such alleged charge(s) resulted in an actual conviction for a felony-class crime, the charge(s) would remain inadmissible hearsay. *See McEachron v. Glans*, 1999 U.S. Dist. LEXIS 21926, *31 (N.D.NY 1999) ("Indeed, not only is evidence of acquittal impermissible hearsay; **_evidence of any judgment, or charge, on minor offenses is impermissible hearsay. FED. R. EVID._**

***803(22) advisory committee's note. The only hearsay exception for a previous trial judgment is for conviction of felony-grade offenses. FED. R. EVID. 803(22)***; see also United States v. Irvin, 787 F.2d 1506, 1516-17 (11th Cir. 1986) ("Unlike judgments of conviction, . . . judgments of acquittal are not covered by an exception to the rule against admission of hearsay.") (emphasis added); *see also United States v. Crown*, 2000 U.S. Dist. LEXIS 4499, *31 (S.D.NY 2000) ("Fed. R. Evid. 803(22) ("Rule 803(22)") provides that ***prior convictions*** may be used to prove the conduct giving rise to the judgment if (i) the conviction was for a crime potentially punishable as a felony, and (ii) the current case is civil. Rule 803(22). Further, Fed. R. Evid. 609 ("Rule 609") permits the introduction of prior convictions, via extrinsic evidence or during cross-examination, to impeach an accused if the court determines the probative value of the evidence outweighs its prejudicial effect. Rule 609.").

Furthermore, it is well held that "the admission of evidence of criminal convictions is governed by Fed. R. Evid. 404, which provides that evidence of a crime is not admissible to prove character. *Huddleston v. United States*, 485 U.S. 681, 685, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988); *accord United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012)." *See Burdick v. Kurilovitch*, 792 Fed. Appx. 868, 870 (2d. Cir. 2019).

Per Fed. R. Evid. 404, "**(a) Character Evidence. (1) *Prohibited Uses*.** Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. … **(b) Other Crimes, Wrongs, or Acts. (1) *Prohibited Uses*.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Though Rule 404 contains exceptions allowing the use of such materials where their prejudicial nature does not outstrip their probative value, as the instant proceeding is a civil matter, not a criminal matter, Rule 404(a)(2)'s exception is inapplicable. *See Grant v. City of Syracuse*, 2018 U.S. Dist. LEXIS 170469, *14 (N.D.NY 2019).

As to Rule 404(b)'s exception for the use of the potential use of "other crimes, wrongs, or acts", by the express terms used by Plaintiffs' counsel in DE # 189 the materials provided as "supplemental authority" (which still remain inadmissible as hearsay not covered by any Rule 803 or 804 exception) have not been provided for a permitted purpose of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." To the direct contrary, Plaintiffs' counsel has openly stated that the purpose of DE # 189 is to present to this Court inadmissible hearsay materials for the express purposes of insinuating that the Plaintiffs' allegations pertaining to AMIT FORLIT's as set forth in their Complaint should be viewed by this Court as more "credible" based upon the alleged charges identified in DE # 189-1. This is a *per se* improper purpose violative of Rule 404(b)(1).

The foregoing was likely known at all times by Plaintiffs' counsel, and yet DE # 189 was filed for an improper purpose anyways. Given this Court's inherent authority, DE # 189 should be stricken, and the Court should impose sanctions upon the Plaintiffs and their counsel for the improper filing of DE # 189.

Given the foregoing it is requested that the Court STRIKE DE # 189, that the Court impose sanctions upon the Plaintiffs and their counsel, and that the Court award AMIT FORLIT a recovery of attorney's fees to address the time required to prepare and file this letter motion request.

Respectfully submitted,

By: */s/ Elan I. Baret, Esq.*
   Elan I. Baret, Esquire
   Florida Bar No.: 20676

By: */s/ Christopher S. Salivar, Esq.*
   Christopher S. Salivar, Esquire
   Florida Bar No.: 57031

   BARET LAW GROUP, P.A.
   3999 Sheridan Street, 2nd Floor
   Hollywood, Florida 33021
   Tel: (954) 486-9966
   Facsimile: (954) 585-9196
   Email: elan@baretlawgroup.com
          cs@baretlawgroup.com

cc: All counsel of record via CM/ECF