# Miller & Chevalier

**Kirby Behre**
Member
(202) 626-5960
kbehre@milchev.com

September 27, 2024

<u>**Via CM/ECF**</u>

Hon. Jennifer E. Willis
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square New York, NY 10007

> **Re:** *Azima, et al. v. Dechert LLP*, et al., 1:22-CV-08728-PGG-JW;
> Response to Filing by Defendants Nicholas Del Rosso and
> Vital Management Services ("Defendants")

Dear Judge Willis:

Defendants' September 23 Letter belatedly raises unresolved, irrelevant issues in a different court and should not be considered. Defendants seek to have the Court consider additional documents that have nothing to do with the Complaint in this matter and are irrelevant to the motion to dismiss. This appears to be an attempt to delay this court's report and recommendation with last minute irrelevant material. For the reasons in the motion to dismiss briefing, the Court should deny the motions to dismiss and allow this case to proceed to discovery.

Notably, Defendants' filing repeats some of the damning allegations contained in the Complaint, including:

- "Vital Defendants made a series of payments through counsel, the SLG law firm, to subcontractors" and those payments "reflected [a] 'pattern of racketeering.'" ECF No. 199 at 1 (citing Compl. ¶ 173, Ex. B).
- "Vital Defendants tried to silence one of their subcontractors, Mr. Robinson by engaging in conduct that constituted further acts forming a 'pattern of racketeering.'" *Id*. at 2 (citing Compl. ¶¶ 172-74).
- "[T]he pattern of racketeering is based[] in part on communications with the FBI" that were false. *Id*. at 3 (citing ¶¶ 76-77).

Defendants now ask the Court to find that the above allegations (which Defendants admit are in the Complaint) are false.[1] That is not the correct standard for the Court to adopt at this stage in the proceeding. *See* ECF No. 167 at 15 ("In reviewing a motion to dismiss, 'the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.'" (citation omitted and citing cases)); *see also* ECF No. 156 at 13 (joint memorandum admitting that allegations in the Complaint must be "'accepted as true'") (citation omitted).

Even if the Court could make a determination about the veracity of the Complaint allegations at this stage, the documents Defendants attach – an opinion of a discovery Special Master that is currently on appeal in another matter in North Carolina and informal dicta from the judge in that matter at a court hearing – do not help Defendants here. Both the Special Master and the North Carolina Court were opining about issues different from the ones in this case based on just a fraction of the evidence that supports the allegations in this Complaint. Nor has that Court issued a final ruling. These documents have no bearing on the legal question in this case of whether the Complaint alleges a RICO violation.

The timing of Defendants' filing is also unusual. Defendants delayed raising this spurious new issue for four months after the Special Master decision, and now belatedly raise it after learning that Dechert settled this case, leaving Del Rosso, lead defendant Amir Handjani, Andrew Frank, Amit Forlit, and related entities in the case. Given the timing of the filing and the complete lack of relevance to the issues in front of this Court, it appears to be a last-ditch effort to delay the Court's report and recommendation and, in turn, discovery in this matter. The Court should reject that effort and deny Defendants' motions to dismiss.

Respectfully,

Kirby Behre
*Counsel for Plaintiffs*

cc:   Counsel of Record (Via CM/ECF)

---

[1] These are just a small fraction of the allegations in the Complaint, which alleges that the Defendants Del Rosso and Vital Management Services engaged in a broad, prolonged pattern of racketeering activity. *See, e.g.*, Compl. ¶ 174 (alleging bribe payments to a witness to obstruct U.S. litigation); *id.* ¶¶ 26, 48, 166, 209, 236 (alleging payments to hackers CyberRoot and Aditya Jain, who created false evidence at Del Rosso's instructions); *id.* ¶¶ 120-24 (alleging mailing of hacked documents to a U.S. court by a subcontractor paid through SLG in an attempt to improperly influence ongoing litigation); *id.* ¶¶ 165-66 (alleging involvement by Del Rosso in hacking of lawyers representing another victim of the Enterprise); *id.* ¶¶ 218-19 (alleging threats against hacker Jain on the eve of the filing of litigation); *id.* ¶ 54 (alleging regular meetings, including in New York, to plan the attacks against Azima and others).