UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FARHAD AZIMA,<br>ALG TRANSPORTATION, INC.,<br>MAIN 3260 LLC,<br>FFV W39 LLC, and<br>FFV DEVELOPMENT LLC,<br><br>                   Plaintiffs,<br><br>v.<br><br>DECHERT LLP,<br>DAVID NEIL GERRARD,<br>DAVID GRAHAM HUGHES,<br>NICHOLAS DEL ROSSO,<br>VITAL MANAGEMENT SERVICES, INC.,<br>AMIT FORLIT,<br>INSIGHT ANALYSIS AND RESEARCH LLC,<br>SDC-GADOT LLC,<br>AMIR HANDJANI,<br>ANDREW FRANK, and<br>KARV COMMUNICATIONS,<br><br>                   Defendants. | Case No. 1:22-cv-08728 (PGG) (JW) |

**DEFENDANTS AMIT FORLIT, INSIGHT ANALYSIS AND RESEARCH LLC, AND SDC-GADOT, LLC'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION (DE # 204)**

By: */s/ Christopher S. Salivar, Esq.*
    Christopher S. Salivar, Esquire
    Florida Bar No.: 57031

    CHRISTOPHER S. SALIVAR, P.L.L.C.
    301 West Atlantic Ave., Suite O-5
    Delray Beach, FL 33444
    Tel: (561) 628-8908
    Email: cssalivar@gmail.com

By: */s/ Elan I. Baret, Esq.*
    Elan I. Baret, Esquire
    Florida Bar No.: 20676

BARET LAW GROUP, P.A.
3999 Sheridan Street, 2nd Floor
Hollywood, Florida 33021
Tel: (954) 486-9966
Facsimile: (954) 585-9196
Email: elan@baretlawgroup.com

# TABLE OF CONTENTS:

|   |   | Page |
|---|---|---|
| 1. | **PRELIMINARY STATEMENT:** | 1 |
| 2. | **STANDARD OF REVIEW** | 1 |
| 3. | **ARGUMENT** | 2-5 |
|    | a. **THE CORRECT STANDARD FOR MOTIONS TO DISMISS WAS USED** | 2-3 |
|    | b. **PLAINTIFF'S CLAIMS WERE TIME-BARRED** | 3-4 |
|    | c. **PLAINTIFFS' OBJECTIONS SEEK TO RE-ARGUE MATTERS ARGUED EXTENSIVELY BEFORE THE MAGISTRATE** | 4-5 |
| 4. | **CONCLUSION** | 5 |

## **TABLE OF AUTHORITIES**:

| *Case Authority*: | Page: |
|---|---|
| 1. *Rothstein v. City of New York*,<br>    2011 U.S. Dist. LEXIS 83657, *2 | 1-2, 4 |
| 2. *Strujan v. Teachers College Columbia Univ.*,<br>    2010 U.S. Dist. LEXIS 91863, *6 | 2 |
| 3. *In re Vale S.A. Sec. Litig.*,<br>    2017 U.S. Dist. LEXIS 42513, *59-60 (S.D.NY 2017) | 2-3 |
| 4. *World Wrestling Ent., Inc. v. Jakks Pac., Inc.*,<br>    328 F. App'x 695, 697 (2d Cir. 2009) | 4 |

**PRELIMINARY STATEMENT**

Defendants Amit Forlit ("Forlit"), Insight Analysis and Research LLC ("Insight"), and SDC-Gadot LLC ("SDC-Gadot"), respectfully submit this Response to the Plaintiffs' Objection to Magistrate Judge Willis' Report and Recommendation. Forlit, Insight, and SDC-GADOT join in the response filed by the remaining Co-Defendants (DE # 209) and adopt their recitation of factual background and the propriety of Magistrate Judge Willis' ruling, and further expressly argue as set forth below:

Magistrate Judge Willis' one hundred and thirteen (113) page report lays forth in detail how the Plaintiff's Complaint, as convoluted and fanciful as it may be in its allegations, wholly fails to state a cognizable RICO action, and asserts claims which are time barred as a pure matter of law. In filing their Objections, Plaintiffs largely seek to re-argue the same matters presented over multiple days of hearings held by Magistrate Judge Willis. On the face of the subject Report and recommendation, no clear error exists (as the correct standard of review for Motions to Dismiss was employed), and Magistrate Judge Willis made no errors of law or fact which require action by this Court to modify the ruling contained in DE # 201. As such, this Court should ratify and uphold all findings made by Magistrate Judge Willis in her Report and Recommendation.

**STANDARD OF REVIEW**:

The Standard of Review for a Report and Recommendation issued by a presiding Magistrate Judge was expressly set forth in *Rothstein v. City of New York*, 2011 U.S. Dist. LEXIS 83657, *1-2 (S.D.NY 2017), as follows:

> The Court "may accept reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.A. § 636(b)(1)(C) (West 2006). The Court [*2] is required to make a <u>de novo</u> determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile,

1

121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)(court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 U.S. Dist. LEXIS 4132, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form specific basis for not adopting report and recommendation). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

In *Strujan v. Teachers College Columbia Univ.*, 2010 U.S. Dist. LEXIS 91863, *6, this Court further held "This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of the Report to which objections are made and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). "In addition, when a party makes only generalized or conclusory objections, or simply reiterates his original arguments," only the clear error standard is relevant. Fabricio v. Artus, No. 06 Civ. 2049 (WHP), 2009 U.S. Dist. LEXIS 20442, 2009 WL 928039, at * 1 (S.D.N.Y. Mar. 12, 2009)." *See Id*. at *6.

**ARGUMENT**:

**A. THE CORRECT STANDARD APPLICABLE TO MOTIONS TO DISMISS WAS UTILIZED:**

Magistrate Judge Willis cited to, and applied, the correct standard of review when addressing a Motion to Dismiss. As stated in *In re Vale S.A. Sec. Litig.*, 2017 U.S. Dist. LEXIS 42513, *59-60 (S.D.NY 2017):

2

> To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), plaintiffs must allege in their complaint facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To meet this plausibility standard, plaintiffs must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.*
>
> Legal conclusions need not be accepted as true, thus "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). To avoid dismissal, plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.
>
> "When considering a motion to dismiss pursuant to Rule 12(b)(6), the district court . . . is required to . . . consider [the facts alleged in the complaint] in the light most favorable to the plaintiff . . . ."

The foregoing standards were employed by Magistrate Judge Willis, and underpin her rulings. As such, no error was committed in the legal standard employed by the Court when ruling on the instant Motion to Dismiss.

**B. PLAINTIFF'S CLAIMS WERE TIME-BARRED**

There is no dispute that RICO claims are subject to a four year statute of limitations. *See World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 530 (S.D.NY 2017) ("Like the statute of limitations under the other civil RICO provisions, the statute of limitations for civil RICO conspiracy claims is four years."). Here, taking all allegations in a light most favorable to the Plaintiffs, Magistrate Judge Willis found (based upon the Plaintiffs' own allegations) that the injuries complained of accrued in 2016, when Azima filed suit over the damages he sustained from the alleged "hacking". This suit was not initiated until 2022.

The Court correctly found that all claims alleged are untimely given the accrual of the injury at issue. As stated in *World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d at

3

524, "As a corollary, the Second Circuit also has adopted a "separate accrual rule," under which a "new claim accrues and the four-year limitation period begins anew each time a plaintiff discovers or should have discovered a new and independent injury." *Merrill Lynch,* 154 F.3d at 59. "Pursuant to this rule, a plaintiff who is continuously injured by an underlying RICO violation may only recover for injuries discovered or discoverable within four years of the time suit is brought." *Nat'l Group for Commc'ns and Computers Ltd. v. Lucent Techs. Inc.,* 420 F. Supp. 2d 253, 265 (S.D.N.Y. 2006) (citing *Bingham v. Zolt,* 66 F.3d 553, 560 (2d Cir.1995)). "***The Second Circuit, however, has made clear that allegations of 'new and independent' injuries cannot depend on injuries that are derivative of the core injury sustained.***" (emphasis added).

Here, Magistrate Judge Willis correctly found, taking the Plaintiffs' allegations as true and in a light most favorable to the Plaintiffs, that all alleged injuries were derivative from the initial alleged injury stemming from the 2015 alleged "hacking" event (which Azima pursued in his 2016 lawsuit against non-party RAKIA).

As no cognizable new and independent injury alleged within the Complaint occurred within four (4) years of the filing of this action, all claims asserted in the Plaintiff's Complaint are time-barred, and the Report and Recommendation correctly identified this.

### C. PLAINTIFFS' OBJECTIONS SEEK TO RE-ARGUE MATTERS ARGUED EXTENSIVELY BEFORE THE MAGISTRATE

Finally, it is well held that "Objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Carmado, 806 F. Supp. at 381-82." See *Rothstein v. City of New York*, 2011 U.S. Dist. LEXIS 83657, *1-2 (S.D.NY 2017).

Here, the Objections filed by the Plaintiffs almost entirely consist of attempts to re-litigate the same issues raised in their filed Response to the subject Motion to Dismiss, including seeking

4

to illustrate how activities which are not RICO predicates by law should still be considered RICO predicates for purposes of this proceeding. Given this, no relief is warranted as no clear error exists on the face of the subject Report and Recommendation, and as such the Court should ratify and affirm the Report and Recommendation as issued.

## CONCLUSION:

For the reasons stated above, as well as in DE # 209 filed by the remaining Co-Defendants in this action, Magistrate Judge Willis' Report and Recommendation should be ratified and approved by this Court, and the Plaintiffs' Complaint and this action should be dismissed with prejudice.

**WHEREFORE** Defendants, AMIT FORLIT, INSIGHT RESEARCH AND ANALYSIS, LLC, and SDC-GADOT, LLC, respectfully request that this honorable Court Overrule all of the Plaintiffs' Objections to DE # 201, and that the Complaint and this action be dismissed with prejudice.

Dated this 6th day of December, 2024.

By: */s/ Christopher S. Salivar, Esq.*
    Christopher S. Salivar, Esquire
    Florida Bar No.: 57031
    CHRISTOPHER S. SALIVAR, P.L.L.C.
    301 West Atlantic Ave., Suite O-5
    Delray Beach, FL 33444
    Tel: (561) 628-8908
    Email: cssalivar@gmail.com

By: */s/ Elan I. Baret, Esq.*
    Elan I. Baret, Esquire
    Florida Bar No.: 20676
    BARET LAW GROUP, P.A.
    3999 Sheridan Street, 2nd Floor
    Hollywood, Florida 33021
    Tel: (954) 486-9966
    Facsimile: (954) 585-9196
    Email: elan@baretlawgroup.com